[No. 32592.   Department Two.   November 8, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. ARLIE HAROLD, *Appellant.*[1]

[1] Reported in 275 P. (2d) 895.

*Southard & Palmer*, for appellant.

*Robert S. Campbell, Jr.*, for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment and sentence upon conviction for the crime of carnal knowledge of a female child under the age of eighteen years. The information charged:

"That the said Arlie Harold in the County of Grant, State of Washington between the 1st day of April and the 4th day of April 1953, wilfully, unlawfully and feloniously did car-

nally know and abuse one Jane Doe, then and there a female child under the age of eighteen years, to-wit, of the age of sixteen years, and not then and there the wife of the said Arlie Harold, . . ."

The prosecuting witness was the defendant's granddaughter. She was sixteen years old at the time of the alleged crime. Her parents were divorced in 1944, and the custody of her brother and herself was awarded to the father, who placed them with his parents, who resided on a farm about five miles outside of Coulee City in Grant county.

The girl testified that around two or three o'clock in the morning between April 1st and 4th, 1953, her grandfather came into her bedroom and had sexual intercourse with her. She testified that there had been about fifty acts of intercourse within the past four years. She stated that while the act was being consummated she turned her head and could see a light in the chicken house, and that her grandfather told her that her grandmother was out there looking after the chickens.

She ran away in the early morning of April 17th and caught a ride from Coulee City to Everett. From there she took a bus to Seattle, where she went to live with an aunt and uncle. That evening, the defendant reported to Marvin Collier, the town marshal of Coulee City, that his granddaughter had run away. He stated that he was afraid she would tell anything to get him in trouble. This statement aroused the curiosity of Collier. He obtained seventy-five dollars from the defendant for expense money and investigated as to her whereabouts. He learned that she was in Seattle and went over there to see her. After questioning her for five hours, she finally complained about her grandfather's conduct. He then returned to Grant county and reported to the sheriff. Later, he took defendant to the sheriff's office in Ephrata, where the prosecutor placed defendant under a lie detector and questioned him. As a result of the questioning, and of certain admissions made by defendant, he was arrested and charged with the crime of carnal knowledge.

Defendant denied having intercourse with his granddaughter at the time charged or at any other time. He testified that he was never alone with her at any time; that his wife did not go out to the chicken house in the night time between April 1st and 4th, and that the only time she did go out during that month was on April 10th. This testimony was corroborated by his wife, his son (the girl's father), and by his grandson (the girl's brother). He also testified that he had suffered three strokes, two in 1940, and one in 1944; that he went to a chiropractor in Soap Lake and later to a doctor at Coulee Dam; that he took aspirin tablets for relief. He testified that the strokes affected his sexual capacity and also resulted in his making irresponsible statements which he could not later remember. A number of his neighbors and acquaintances of many years' standing testified for him as character witnesses. The jury evidently believed the girl and the state's witnesses and did not believe defendant and his witnesses. It returned a verdict of guilty, and this appeal follows the judgment and sentence.

Error is assigned in the following respects: that the information does not charge facts sufficient to constitute the crime; failure to grant motion to dismiss; giving certain instructions and refusing to give instructions proposed by defendant; refusing to propound interrogatories; admission and exclusion of testimony; denial of motion in arrest of judgment or for new trial; and prejudicial misconduct by prosecutor.

Appellant attacks the information because it does not allege that he is a male person. Chapter 112 of the Laws of 1943, p. 256 [cf. RCW 9.79.020] provides: "Every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, and every female person who shall have sexual intercourse with any male child under the age of eighteen years, . . ." The information charged that Arlie Harold did carnally know and abuse a female child under the age of eighteen years, not his wife. The necessary implication, from the language

of the information, is that Arlie Harold is a male person. We find no merit in the assignment.

Error is assigned in that the trial court refused to grant appellant's motion to dismiss on the ground that there was a failure to prove the time alleged as to the commission of the crime. The information alleged that the act occurred between the 1st and 4th day of April, 1953. The girl testified that she was not sure of the exact date, but was certain that the act occurred between those dates. The court did not err in denying the motion. *State v. Biggs*, 57 Wash. 514, 107 Pac. 374; *State v. Oberg*, 187 Wash. 429, 60 P. (2d) 66.

Error is assigned in the giving of certain instructions and in the refusal to give certain requested instructions. We find no merit in this contention. The trial court instructed the jury fairly and completely on all of the issues of the case. Each instruction properly stated the law. A number of appellant's requested instructions were incorporated therein. He was not entitled, under the evidence, to any of the proposed instructions not given.

Appellant contends that the court erred in refusing to propound certain proposed interrogatories to the jury concerning the time of the alleged crime. In *Robinson v. Silver Lake R. & Lbr. Co.*, 163 Wash. 31, 299 Pac. 356, we said:

"It is the settled law of this court that it is discretionary with the trial judge to refuse to submit interrogatories to the jury, or to withdraw interrogatories theretofore submitted, and his action in that regard will not be reviewed except for abuse of discretion. [Citing cases.]"

The trial judge stated that he felt that the question of time was very well covered by the general instruction on "What is Essential to Convict", and he was afraid that the submission of the interrogatories might unduly emphasize that issue and might have a tendency to somewhat confuse the jury. We find no abuse of discretion here.

Error is assigned in the refusal to admit a certain book in which appellant had written that he plowed on April 10th. He testified that he had plowed on that day and

was tired, and that that was the reason his wife had gone out to look after the chickens that night. It seems obvious that the book in question was not a business record as contemplated by RCW 5.44.110. It was, at most, a private diary. In *Griffith v. Whittier*, 37 Wn. (2d) 351, 223 P. (2d) 1062, we held that notations on a desk calendar book did not constitute a business record. Not being a business record, the book was a self-serving declaration and not admissible. Furthermore, it would not have proved any essential issue in the case.

██ Appellant complains of the admission of testimony concerning prior acts of intercourse. Such testimony is admissible to show lustful disposition toward her. *State v. Crowder*, 119 Wash. 450, 205 Pac. 850. While appellant concedes that this is the law, he contends that the prior acts relied on are too remote to have any probative value. In *State v. Stevenson*, 169 Wash. 10, 13 P. (2d) 47, we said that the question of excluding evidence because of remoteness rests largely in the sound discretion of the trial court, and the ruling of that court will not be disturbed unless the evidence offered was so remote in point of time as to be immaterial. Ordinarily, remoteness affects the weight, rather than the admissibility of the evidence. By instruction No. 13, the court told the jury that this evidence was not proof of the commission of the crime charged.

In connection with the admission of the evidence of the prior acts of intercourse, the trial court said, in the presence of the jury: "I have examined the authorities on this question, counsel, and in my opinion it is proper evidence upon proper instructions to the jury." Appellant contends that this was comment on the evidence and constituted reversible error. The situation arose in this manner. Appellant's counsel objected to the testimony concerning prior acts, for the reason that it was too remote, stating, "And we have authority on that, if the court please." The prosecutor then said, "We have authority that it is admissible, too." It was at this point that the court evidently decided to get into the act.

■ Remarks made by the trial judge when deciding upon the admissibility of evidence which are not addressed to the jury but to counsel cannot be considered as comments on the evidence unless the jury could infer from such remarks that he personally believed or disbelieved the proposed testimony. *State v. Coe*, 34 Wn. (2d) 336, 208 P. (2d) 863; *State v. Rio*, 38 Wn. (2d) 446, 230 P. (2d) 308. The court's remark in this case did not constitute a comment on the evidence.

■ Appellant strenuously contends that a new trial should be ordered because of prejudicial misconduct on the part of the prosecutor. The alleged misconduct consisted of quoting conversations in his opening statement, arguing the court's rulings in the presence of the jury, and misquoting testimony and making improper remarks in his closing argument. There was considerable bickering between counsel throughout the trial. The prosecutor was unduly aggressive at times. The judge kept matters under control, patiently and firmly. In his closing argument, the prosecutor told the jury that the defendant would be sentenced to fifteen years, but that the parole board would fix the minimum sentence, which might be as little as nine months. He also expressed his firm belief in the defendant's guilt. Both of these statements were invited and in response to statements made by defendant's counsel in argument. *State v. Van Luven*, 24 Wn. (2d) 241, 163 P. (2d) 600.

One matter occurred during the prosecutor's closing argument which causes us grave concern. It will be remembered that the girl testified that when she turned her head while her grandfather was having intercourse with her, she saw a light in the chicken house. The defendant's witnesses testified about an experiment which they had conducted. In the nighttime, one witness went into the chicken house and flashed a flashlight. Another witness lay on the bed in the position in which the prosecuting witness testified that she was lying, and the defendant's witness testified that he could not see any light at all. In rebuttal, the girl testified that, in addition to the flashlight, there was a six volt Delta

lamp in the house, and that the light she saw on the night in question was "quite bright." During the prosecutor's closing argument, the following occurred:

"MR. CAMPBELL: The testimony is that it was ninety feet back, Mrs. Harold's testimony. (Displaying Delta electric lantern) Gentlemen, I have in my hands at this time a Delta lamp—MR. PALMER: If the Court please, I don't recall any such lamp being in evidence. THE COURT: Objection sustained. MR. PALMER: We don't want—MR. CAMPBELL: That is for illustrative purposes only. THE COURT: There is nothing in this Court that has ever been introduced. MR. CAMPBELL: That is correct, and it was not used; but there was testimony as to a Delta lamp being used. THE COURT: It hasn't been identified, and it is not properly before this jury. MR. PALMER: We ask that it be removed. MR. CAMPBELL: If you wish, you can remove it. : . . ."

■■ This is but one example of the conduct which the prosecutor displayed throughout the trial, waving a lantern which was not in evidence, and continuing to argue with the court and with counsel until he was finally cut off. We have said that the prosecuting attorney is a "quasi-judicial officer, and it is his duty to see that one accused of a public offense is given a fair trial." *State v. Carr*, 160 Wash. 83, 294 Pac. 1016. In the instant case, we do not believe that the prosecutor intended to jeopardize appellant's rights but his enthusiasm in the heat of battle led him into the misconduct of which appellant complains. Our problem, however, is to determine whether or not this misconduct was prejudicial. The trial judge, in ruling on the motion for new trial, decided that it did not prejudice appellant to the extent that he did not receive a fair trial. The judge was able to observe the reaction of the jurors to everything which occurred throughout the trial. We have many times held that, in a situation such as this, the judgment of the trial court, which has a wide discretion in passing upon a motion for new trial, must be accorded great weight. *State v. Van Luven, supra*; *State v. Whetstone*, 30 Wn. (2d) 301, 191 P. (2d) 818; *Discargar v. Seattle*, 30 Wn. (2d) 461, 191 P. (2d) 870.

We do not condone the action of the prosecutor in this case. In his zeal, he at times by-passed the rules of evidence

and overlooked his responsibility to the accused. Nevertheless, we cannot say, from an examination of the entire record, that the trial court abused its discretion in denying the motion for new trial.

No useful purpose would be served by discussing the other assignments of error. We find no errors prejudicial to the rights of appellant.

The judgment and sentence is affirmed.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.

