[No. 553-1. Division One—Panel 1. June 21, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. MAXINE JANECE WALTON, *Appellant.*

*Hohlbein, Vanderhoef & Sawyer* and *Wesley G. Hohlbein,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Roy N. Howson, Deputy,* for respondent.

UTTER, J.—Maxine Walton, appellant herein, was found guilty by a jury of second-degree murder. She assigns error to four allegedly improper statements made by the deputy prosecuting attorney during his closing argument. The sole question is whether the statements prejudiced her right to receive a fair trial.

Three statements were expressions of inferences and deductions the prosecutor urged the jury to draw, relating to the credibility of two witnesses and the evidence as a whole.[1] It is improper for a prosecutor, in arguing before a jury, to assert his personal belief; however, it is not improper for him to comment on the credibility of witnesses or the inferences which may be drawn from the evidence. *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969); *State v. Long,* 65 Wn.2d 303, 396 P.2d 990 (1964); *State v. Hinkley,* 52 Wn.2d 415, 325 P.2d 889 (1958); *State v. Heaton,* 149 Wash. 452, 271 P. 89 (1928). The first two statements objected to, when taken out of context, might appear to be objectionable. An examination of the record shows, however, that they were followed by argument relating them to testimony in the case. These comments were, therefore, within the bounds permitted by our decisions. The third statement was clearly related, as well, to an opinion based upon testimony.

The prosecutor's fourth statement was improper and is not approved. In his closing argument, he stated:

I just ask you, don't wash the case out just because the deceased himself has been convicted of a crime. If you do that, then, if you let what you consider a murderer go

[1] "But you have heard the phrase, 'simple honesty.' One think that struck me as the best example of simple honesty I have ever heard . . .

" . . .

"How did it really happen? I think it happened just like Velma Moore said. . . .

" . . .

"Ladies and Gentlemen of the jury, I have never in my life in summation to a jury used the word 'demand.' . . .

"But in this case, the facts demand that you return a verdict of guilty . . ."

back on the street, you are setting a bad precedent, and I'm telling you there is going to be innocent people caught in the cross fires between all the murderers.

The court sustained appellant's immediate objection and instructed the jury to disregard the statement. No motion for mistrial was made, however, until after the verdict had been reached. Following the verdict, a motion for new trial was made and denied on the grounds that although the statement was improper, it did not prejudice appellant's right to receive a fair trial.

■ The prosecutor is a "quasi-judicial officer" and, as such, it is his duty to see that a person accused of a crime is afforded a fair trial. *State v. Huson,* 73 Wn.2d 660, 440 P.2d 192 (1968). This duty is not fulfilled when argument directs the jurors' attention to matters they are not justified to consider. *State v. Adams, supra; State v. Buttry,* 199 Wash. 228, 90 P.2d 1026 (1939).

■ An improper argument, however, does not alone necessitate granting a motion for new trial. *State v. Huson, supra.* A new trial will be granted only if the statement prejudiced appellant's right to a fair trial. *State v. Harold,* 45 Wn.2d 505, 275 P.2d 895 (1954). The trial judge, in ruling on appellant's motion, determined the statement did not prejudice her right to a fair trial.

There are grounds to support the trial court's determination. The deceased had been convicted of murder and the argument, when viewed in light of the apparent fear of the prosecutor that a jury might believe there was no harm in killing a man convicted of murder, could be said to relate to a concern for the dangers that might come from an implied permission to take another's life. The absence of a motion for mistrial, at the time of the event, is also some indication that the event did not appear incurably harmful to appellant. *State v. Miller,* 66 Wn.2d 535, 537, 403 P.2d 884 (1965). We believe the trial judge was in the most favorable position to observe the impact of the statement, and do not find in the record evidence of a sufficient nature to allow us to hold that there has been an abuse of discretion

by the trial court. *State v. Harold, supra; Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970). The record is such that had the judge concluded prejudice existed, however, we likewise would have sustained that determination.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.