[No. 4435–1–III. Division Three. April 27, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CRAIG MONTAGUE, *Appellant.*

---

*Robert Ingvalson* and *Halstead & Ingvalson,* for appellant.

*Curtis Ludwig, Prosecuting Attorney,* and *William A. Bartlett, Deputy,* for respondent.

GREEN, J.—Craig Montague appeals from a conviction for second degree rape. The sole issue is whether the court erred in denying his motion for mistrial, based upon the prosecutor's reference during cross–examination to defendant's possible involvement in another rape. We are constrained to reverse.

At trial, the complaining witness claimed the defendant offered her a ride to school and, when she got into the car, drove her to a remote area where, after a 2–hour interval, he raped her under threat of force. She stated she did not forcefully resist him or leave any marks on him. Defendant admitted sexual intercourse took place, but claimed she consented. During defendant's testimony, the following occurred:

[DEFENSE ATTORNEY]:
Q. Craig, ultimately you were picked up by the police on this matter, were you not?
A. Yes.

Q. And they took you to jail?

A. Yes.

Q. Tell the jury a little bit about that.

A. When I first went in, they was [sic] taking pictures of my back, saying that she scratched my back from one end to the other; and I was supposed to have a mole the size of a dollar on my back; and I went to Pasco, to Richland, to Prosser City, to Prosser County, Kennewick City; and everyone I went to it was fingerprints, pictures of my back and my face, of course; but there was something about my back, all of a sudden that was just—you couldn't find any.

Q. You don't know why they were taking pictures of your back?

A. No.

Q. Was there any crying or any physical force at all to that incident on January 4, 1980?

A. None. None whatsoever.

The prosecutor then asked:

Q. With regard to these photographs that were taken of your back, were you questioned regarding another rape in which injuries were sustained?

A. No. No.

Defense counsel objected and the following discussion took place at the bench:

[DEFENSE ATTORNEY]: Well, I never knew he was another suspect in another rape. Why didn't you tell me that. I never received that in any discovery.

[PROSECUTOR]: Because he was cleared of it.

[DEFENSE ATTORNEY]: Then, what the heck are you bringing it in here now for?

[PROSECUTOR]: You are the one that brought it in.

[DEFENSE ATTORNEY]: I didn't bring it in. I didn't even know about it. I thought it was an investigation on this thing.

Defendant then moved for a mistrial which was denied.

Defendant claims the prosecutor's mention of a prior rape investigation was not competent evidence and was so prejudicial a mistrial should have been granted. It is true the prosecutor's question, in the context in which it was raised, was improper because it alluded to inadmissible evi-

dence. *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952); *State v. Beard,* 74 Wn.2d 335, 444 P.2d 651 (1968); *State v. Mack,* 80 Wn.2d 19, 490 P.2d 1303 (1971); *State v. Dixon,* 17 Wn. App. 804, 565 P.2d 1207 (1977). The State asserts, however, that defendant opened the door to this question because there was no testimony the complaining witness scratched him; it was defendant who put the subject before the jury. Consequently, it is claimed defendant's testimony was a misleading attack upon the complaining witness' credibility. It is further argued any error was harmless because independent evidence supports the complaining witness' testimony and tends to disprove defendant's credibility.

■ Although we find the State's argument persuasive, it was nevertheless incumbent upon the prosecution to obtain a verdict free from prejudice. *State v. Charlton,* 90 Wn.2d 657, 664, 585 P.2d 142 (1978). *See also State v. Walton,* 5 Wn. App. 150, 152, 486 P.2d 1118 (1971).

> A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. . . . When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors.

(Citations omitted.) *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968), *cert. denied,* 393 U.S. 1081, 21 L. Ed. 2d 773, 89 S. Ct. 855 (1969); *State v. Gilcrist,* 91 Wn.2d 603, 612, 590 P.2d 809 (1979); *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). The issue is, therefore, whether the prosecutor's question was prejudicial.

■ It is not disputed that this case, as with most rape cases, was based almost entirely upon the credibility of the

complaining witness and the defendant. The circumstances surrounding the alleged rape support either party's story. Moreover, the investigating officer's report regarding his investigation of the scene of the alleged rape was inconclusive and the examining doctor's report did not fully support either version of the incident. This is a case where a reference to a former rape investigation could have tilted the scales against the defendant. Therefore, although we are persuaded that the complaining witness' testimony was credible, we cannot say from the record the defendant would have been convicted without the reference to another rape.

Reversed and remanded for retrial.

ROE, A.C.J., and MUNSON, J., concur.