[No. 20527.  Department Two.  July 20, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. WARD · *et al., Appellants.*[1]

[1] CRIMINAL LAW (236-3) — TRIAL — CONDUCT OF COUNSEL — PRESENTATION OF EVIDENCE FOR PROSECUTION. Improper conduct of the prosecutor in getting improper evidence before the jury is not shown by the fact that, on redirect examination, he asked the witness to state the whole conversation testified to on direct, where the cross-examination brought out the fact that the witness had some reason for not stating the whole conversation, leaving the inference that it was deliberately withheld.

[2] FALSE PRETENSES (11)—INDICTMENT OR INFORMATION—REQUISITES—OBTAINING MONEY. An information for obtaining money on false pretenses, is sufficient as to both parties charged, where it clearly alleges a "confederating together and aiding and assisting each other," although all the detailed facts were not alleged to be within the knowledge of both.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 11, 1926, upon a trial and conviction of grand larceny. Affirmed.

*Henry Clay Agnew* and *Warren Hardy,* for appellants.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

[1]Reported in 258 Pac. 22.

Askren, J.—The defendants were charged with grand larceny, and upon conviction were sentenced to the state penitentiary.

Their appeal raises two questions: First, was improper evidence admitted at the trial; and second, did the information state a crime?

[1] Upon the first point, it is urged that the trial court erred in permitting the witness Wendle to testify on re-direct examination as to a statement made by the defendant Ward.

The record discloses that, upon direct examination, Wendle, who was chief of police of the city of Auburn and the arresting officer, detailed conversations had with the defendants. He stated that he did not at the time remember all the statements that were made. On cross-examination, counsel examined him with regard to the matter; and by questions intimated that the witness had reasons for not wanting to tell the jury all the conversation.

"Q. Is there any reason why you don't wish to tell the jury the whole conversation that occurred in that car, so far as you remember? A. I cannot state the whole conversation. It was quite a ride. We talked some going in. The boys wanted to settle the thing up and get out of it. Q. That is what you testified this morning. My question now is, is there any reason why you don't wish to state the whole conversation besides that you can't remember? A. No. I would be willing to state, if I could remember. I could state a little more that I can remember, if you want me to."

The matter was left in this way until the re-direct examination, when, after a few preliminary questions, the prosecutor asked the following:

"Q. I believe you stated in answer to one of counsel's questions that there was some additional conversation that you remember on the part of the defendants? A. Yes. Q. Now what was that conversation that was additional to what you already testified to?

MR. DONNELLY: I object to that as not proper redirect. THE COURT: Objection overruled. A. Ward made the statement that he had been married about five weeks and been in jail four or five times.''

It is said in support of this assignment of error that the prosecutor knew what the answer would be, and chose this method of deliberately getting before the jury prejudicial facts. But we find nothing in the record to substantiate this charge.

The questions and answers given prior thereto were such as to leave the jury in doubt as to the whole conversation that had taken place between the witness and the defendants, and the inference was left with the jury that portions of the conversation were deliberately withheld. Under the circumstances, the prosecutor was justified in calling for all the conversation that the witness could remember.

If this had been an attempt upon the part of the state to get prejudicial statements before the jury, no doubt the witness would have been required to state it on direct examination, and the fact that it was not brought out until re-direct is strong proof to our minds that there was nothing deliberate about it.

[2] It is next urged that the information was insufficient. The information is hardly a model of concise pleading, but we think it sufficient. It is very long and, after charging the defendants in the language usual to such indictments, sets out a large number of facts which enter into the charge. It is now claimed that because, within the recitation of the facts, there are lacking words to charge a knowledge upon the part of the defendant Hancock with certain acts of Ward, that as to him the information is insufficient. But the charging part clearly alleges a ''confederating together and aiding and assisting each other'' in securing the sum of one hundred dollars from the complaining wit-

ness by means of a trick, device and bunco game, and we think it clearly sufficient. The evidence offered in support thereof as to the guilt of the defendants was overwhelming.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.