[No. 33289. Department Two. January 5, 1956.]

THE STATE OF WASHINGTON, *Respondent,* v. LESTER L. DINGES, *Appellant.*[1]

[1]Reported in 292 P. (2d) 361.

*Burton S. Robbins,* for appellant.

*Charles O. Carroll* and *Lawrence K. McDonell,* for respondent.

WEAVER, J.—Appellant was convicted of the crime of illegal possession of narcotics. He appeals from the judgment and sentence which was entered, and from the denial of his motions in arrest of judgment and for a new trial.

██ Appellant and a lady companion were arrested while in an automobile parked on a public street in Seattle. Three feet behind the car, a police officer found a *dry* paper bag (it was snowing quite heavily) containing a hypodermic needle and four small bottles, two of which contained narcotics. A small vial bearing the label "morphine sulphate" and containing a number of tablets was found on the front seat of the car just after appellant, who was in the driver's seat, was requested by the arresting officer to get out of the car. We believe this evidence sufficient to present the case to the jury.

Presence of the parked automobile was called to the attention of the police by the owner of a pressing shop. The car was stopped in front of his shop, on the first of three visits to the neighborhood. The pressing shop owner reported an alleged burglary of a nearby grocery store and involved the occupants of the car.

The shop owner and various police officers were permitted, over timely objections, to testify concerning details of the alleged burglary.

The court has, on numerous occasions, announced the rule applicable. *State v. Sedam,* 46 Wn. (2d) 725, 284 P. (2d) 292 (1955); *State v. Kelsey,* 46 Wn. (2d) 617, 283 P. (2d) 982 (1955); *State v. Hartwig,* 45 Wn. (2d) 76, 78, 273 P. (2d) 482 (1954); *State v. Gellerman,* 42 Wn. (2d) 742, 752, 259 P. (2d) 371 (1953); *State v. Goebel,* 40 Wn.

(2d) 18, 21, 240 P. (2d) 251 (1952); *State v. Goebel*, 36 Wn. (2d) 367, 368, 218 P. (2d) 300 (1950), and cases cited.

■ A defendant must be tried for the offense charged in the indictment or information. To introduce evidence of an unrelated crime is grossly and erroneously prejudicial, unless the evidence of the unrelated crime is admissible to show motive, intent, the absence of accident or mistake, a common scheme or plan, or identity. These exceptions are not necessarily exclusive; in numerous cases cited, we have pointed out that the true test of admissibility is that the evidence of other criminal offenses must be relevant and necessary to prove *an essential ingredient* of the crime charged.

■ Testimony of the alleged burglary, in the instant case, establishes no essential ingredient of the crime of illegal possession of narcotics. Its admission in evidence, under these circumstances, was prejudicial to appellant.

■ We conclude, as did the trial court, that state's exhibit No. 1 (the paper bag containing a hypodermic needle and four small bottles, two of which contained narcotics) was properly admitted in evidence. It is admissible by reason of the same rule under which testimony of the alleged burglary is inadmissible.

We need not discuss appellant's remaining assignment of error—the refusal of the trial court to give a requested instruction because it was not timely requested. In all probability, the question will not arise upon a retrial of this cause.

The judgment and sentence are reversed and the case remanded for a new trial.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.