[No. 33869.    *En Banc.*    May 22, 1958.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN W. HINKLEY, *Appellant.*[1]

[1]Reported in 325 P. (2d) 889.

*John W. Hinkley, pro se.*

*Charles O. Carroll, Robert F. Utter,* and *R. Stuart Thomson,* for respondent.

*John J. Sullivan* and *Francis Hoague, amici curiae.*

WEAVER, J.—John W. Hinkley, appellant, and Leroy E. Thrift were charged jointly with one count of burglary in the second degree. Thrift was charged with four counts of forgery in the first degree. It was alleged that Hinkley did "aid, abet, encourage, assist, advise and counsel" Thrift in the forgeries.

Thrift pleaded guilty to one count and, thereafter, testified as a witness for the state at Hinkley's trial. Hinkley was represented by counsel of his own choice. Counsel withdrew from the case at the time judgment and sentence were entered. Thereafter, appellant Hinkley represented himself on appeal except for *En Banc* argument in this court when his case was presented by oral argument of *amici curiae.*

The crux of the charges is this: Hinkley and Thrift broke into the premises of a construction company for which Hinkley had previously worked and stole a typewriter, a check protector, and blank payroll checks. Hinkley later aided and abetted in the forgery and uttering of these checks.

Appellant's first five assignments of error are directed to instructions given by the court. He argues that these instructions are erroneous because, in order to find him guilty, they should state that he must have had knowledge that a crime was being committed.

We cannot consider these assignments of error for two reasons: (a) No exceptions were taken to the questioned instructions by appellant's trial counsel, as required by Rule of Pleading, Practice and Procedure 10, 34A Wn.

(2d) 75, as amended, effective October 24, 1955. *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659 ,(1942). An excellent explanation of the necessity for the rule appeared recently in: *Lasser v. Grunbaum Bros. Furniture Co.,* 46 Wn. (2d) 408, 414, 281 P. (2d) 832 (1955). (b) The questioned instructions, except two, are not "set out in the brief in full," as required by Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. See *State v. Green,* 38 Wn. (2d) 240, 242, 229 P. (2d) 318, 23 A. L. R. (2d) 1397 (1951).

■ We are not foreclosed from considering the weight of appellant's argument made in support of his first five assignments of error, because the same argument is made in support of assignments of error Nos. 17, 18, and 19 directed to the forgery counts of the information.

■ Each of the four forgery counts alleged in the information state that appellant

" . . . did aid, *abet,* encourage, assist, advise and counsel the said Leroy E. Thrift in the unlawful act [forgery] as hereinbefore set forth; . . ." (Italics ours.)

This charges appellant as an abettor—substantially in the language of the statute. See RCW 9.01.030. This is sufficient. In addition, the five questioned instructions (assignments of error Nos. 1 to 5) informed the jury that they must find appellant *abetted* Thrift in the commission of the forgeries before he could be convicted.

Although the word "aid" does not imply guilty knowledge or felonious intent, the word "abet" includes *knowledge* of the wrongful purpose of the perpetrator, as well as counsel and encouragement in the crime. *People v. Dole,* 122 Cal. 486, 492, 55 Pac. 581, 68 Am. St. Rep. 50 (1898); *People v. Terman,* 4 Cal. App. (2d) 345, 40 P. (2d) 915 (1935); 1 C. J. S. 306.

Further, appellant requested and the trial court gave the following instruction:

"You are instructed that before you can find the defendant Hinkley guilty of aiding and abetting Leroy E. Thrift in the crime of forging and uttering the checks set forth in Counts II, III, IV and V of the information, you

must find that he, the said Hinkley, *did so knowingly* and with criminal intent. To abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting or aiding in the commission of such criminal offense." (Italics ours.)

We find no merit in assignments of error Nos. 17, 18, and 19.

Appellant's assignments of error Nos. 6, 7, and 9 are directed to the admission in evidence, on *redirect* examination (over objection), of an alleged conversation between appellant and Leroy E. Thrift, which purportedly occurred in the county jail.

The admission or exclusion of evidence on redirect examination that is not strictly rebuttal of testimony elicited by cross-examination is a matter that rests in the sound discretion of the trial court, which discretion is not subject to review except in case of abuse. *State v. Anderson,* 46 Wn. (2d) 864, 871, 285 P. (2d) 879 (1955); *Pylate v. Hadman,* 151 Wash. 245, 275 Pac. 559 (1929).

After a careful reading of the testimony involved, we cannot say that the trial court abused its discretion.

By assignment of error No. 8, appellant claims that his rights were prejudiced by alleged misconduct of the deputy prosecuting attorneys in their closing argument to the jury. We note that the statement of facts (furnished to appellant at county expense) does not contain the argument of counsel (a practice we do not commend in cases of this nature); therefore, *arguendo,* we accept as true the statement in appellant's brief, quoted *infra,* concerning this assignment of error.

Appellant states:

"Mr. Webster and Mr. Utter implied the defendant's [appellant's] witnesses were lying, and attacked these witnesses at a time and in such a way that their credibility as a witness could not be rehabilitated."

While it is improper for a lawyer to assert to a jury his personal belief in argument (Canon of Professional Ethics 15, 34A Wn. (2d) 131), it is not improper for him to comment upon the credibility of witnesses if it is done

in a proper manner and the record warrants such comment.

If counsel for the state deemed it advisable, in the instant case, to argue the credibility of certain witnesses, our examination of the statement of facts leads us to the conclusion that the record warrants such comment. Appellant has stated nothing which would lead us to conclude that counsel for the state were unmindful of the duty imposed upon them by the canons of professional ethics or the rule announced by this court in *Borland v. Pacific Meat & Packing Co.*, 153 Wash. 14, 19, 279 Pac. 94 (1929):

"The jurors are the judges of the credibility of witnesses, and are entitled to draw reasonable inferences from the evidence before them as to the truthfulness of any particular witness. *Therefore counsel, if he deem such a course advisable, may argue as to what inferences may or should be drawn, and thus attempt to demonstrate from the record that a particular witness has wilfully testified falsely.* Such an argument should, however, be conducted calmly and logically and in a manner to direct the attention of the jurors to the logical inferences to be drawn, rather than to incite their prejudices." (Italics ours.)

■ In our consideration of assignment of error No. 10, we find that the exceptions taken to the court's refusal to give certain requested instructions (which are not set forth in appellant's brief, as required by Rule on Appeal 42 (1) (f), 34A Wn. (2d) 44, as amended, effective January 2, 1953) are general in nature and did not "apprise the judge of the points of law or questions of fact in dispute," as required by Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, as amended, effective October 24, 1955. We cannot consider them. *Cauble v. Dahl*, 48 Wn. (2d) 440, 442, 294 P. (2) 416 (1956), and cases cited; *Klise v. Seattle*, *ante* p. 412, 325 P. (2d) 888 (1958), and cases cited.

■ In assignment of error No. 11, appellant alleges the court failed to administer the oath individually to the witnesses, as required by Rule of Pleading, Practice and Procedure 25, 34A Wn. (2d) 84. In the statement of facts, the phrase "being first duly sworn" appears opposite the name of each witness first called to testify. Appellant cannot contradict the recitals of his own record on appeal. We are

bound by the certified record before us. *Dux v. Hostetter*, 39 Wn. (2d) 126, 130, 234 P. (2d) 553 (1951), and cases cited.

Appellant's assignment of error No. 12 is as follows:

"The court erred in allowing the Deputy Prosecutor Mr. Utter to present before the jury evidence that this Deputy Prosecutor knew could not be legally accepted as evidence and was strictly prejudicial to the defendant."

A stenographer employed by the construction company whose office had been burglarized identified a typewriter cover, exhibit No. 10, as one missing from the office after the burglary. It was not offered in evidence at the time.

Later, a police officer identified the typewriter cover as the one discovered in appellant's apartment. It was offered in evidence. On *voir dire* examination, it developed that the cover was found in the apartment the day after appellant was taken into custody. The officer did not recall if appellant had given permission to search his apartment. The state immediately withdrew its offer of the cover as evidence.

The next witness, one of the arresting officers, testified that appellant had given oral permission to search his apartment the afternoon appellant was taken into custody. Nothing was found. The next morning, the officers returned, searched the apartment without a warrant, and found the cover.

The record discloses neither a pretrial nor a trial motion to suppress the introduction in evidence of the cover. See *State v. Green,* 43 Wn. (2d) 102, 104, 260 P. (2d) 343 (1953). The trial court refused to admit it in evidence, so that the question of its admissibility (upon which we express no opinion) is not before us.

In support of this assignment of error, appellant urges (a) that one of the deputy prosecuting attorneys violated Canon of Professional Ethics 22, 34A Wn. (2d) 133, because he offered in "evidence [that] which he knows the court should reject, in order to get the same before the jury by argument for its admissibility . . ."; and (b) that, as a result, such conduct was prejudicial to appellant.

██ We have heretofore announced that

" �owe should a breach of a canon of professional conduct be so flagrant that it can be said, as a matter of law, that the breach prevented a fair trial, a court should not hesitate to hold such breach of conduct prejudicial error." *Ryan v. Ryan*, 48 Wn. (2d) 593, 600, 295 P. (2d) 1111 (1956).

██ Appellant was represented by an able and experienced trial counsel. At no time during the trial was any objection made by him concerning the good faith of the deputy prosecuting attorney who had the cover identified and offered in evidence—and for good reason: There is nothing in the record to support even an inference that the deputy prosecuting attorney knew that the court would reject the proffered evidence; there is nothing to indicate that the deputy prosecuting attorney was acting in bad faith; the record discloses no argument by the deputy prosecuting attorney, in the presence of the jury, for the admission of the exhibit. Except as we have indicated, the record discloses no further reference to the typewriter cover. It is our considered opinion that the record does not support appellant's contention that the conduct of the deputy prosecuting attorney was prejudicial.

██ Appellant's remaining assignments of error attempt to bring before us the alleged "perjured testimony of Leroy Thrift." Since the jury was the sole judge of Mr. Thrift's credibility, these assignments present nothing which we can consider.

The judgment and sentence are affirmed.

ALL CONCUR.