[No. 38536.    Department One.    December 8, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD JAMES
STEVENS, *Appellant*.*

*Jager, Austin & Makus* and *Donald E. Mirk* (Appointed
counsel for appeal), for appellant.

*Charles O. Carroll* and *Robert E. Dixon*, for respondent.

*Reported in 421 P.2d 360.

KALIN, J.†—Appellant was found guilty of robbery while armed with a deadly weapon. During the course of the trial, appellant's counsel, on cross-examination of the state's chief witness, first referred to "mug shots." The cross-examination made it appear that the state's chief witness was never able to pick out a picture of appellant. On redirect, the deputy prosecutor, after refreshing the witness' memory with a statement she had signed, had her testify that she had forgotten, but she did pick out one photograph as resembling the robber. This was a photograph of the appellant taken by the sheriff's department at Sacramento, California. This photograph was offered in evidence by the state and was admitted by the court after the lower portion of the photograph was cut off so that it would not indicate where or by whom it was taken.

Appellant contends it was error to permit the state to introduce the "mug shot" in evidence. We cannot agree.

If the state was not permitted to clarify the testimony of its own witness, as elicited on cross-examination, it would leave the state's case in an untenable position. The jury would believe that at no time could the state's chief witness pick out a photograph of the appellant, and that the first time she saw him after the robbery was at the preliminary hearing. The truth of the matter was that the witness had picked one photograph out of the hundreds she looked at, as resembling the person who robbed her, and this one photograph was that of the appellant. The purpose of redirect examination is to clarify matters that may tend to be confused by cross-examination and to rehabilitate the witness before the trier of facts, whether it be judge or jury. *State v. Ward*, 144 Wash. 337, 258 Pac. 22 (1927).

Appellant's counsel opened the door for the admission of the "mug shot" by his cross-examination. He cannot now complain of its use to rehabilitate a witness. We do not feel it was error for the trial court to admit the photograph in evidence after certain portions were cut off. We might add that, if it was error, it was invited error, and not of such a

†Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

prejudicial nature as would require a new trial. *State v. Ward, supra.*

Appellant also contends that the court erred when it did not give an alibi instruction.

Appellant did not testify. His only witness testified that he saw appellant off on a bus to Portland half an hour or an hour prior to the commission of the offense. No request for an alibi instruction was made by appellant's counsel, nor was one proposed by him.

In *State v. Taplin*, 66 Wn.2d 687, 691, 404 P.2d 469 (1965), this court held, where the defendant fails to request an instruction that does not deal with an absolute constitutional right, he cannot, on appeal, assign error to the court's failure to give such an instruction.

Appellant assigns error and argues that he was not represented by counsel at the time of hearing on his motion for new trial. The record does not bear him out. Appellant was represented by retained counsel at the time motion for new trial was argued, retained counsel was in court and argued one point to the court. He refused to argue the other points, because, in his opinion, they were groundless, frivolous, and he felt he could not in good conscience do so. He prepared the formal motion of appeal, which was signed by the appellant, and then withdrew. Appellant's funds were exhausted, and present counsel was appointed to represent him on appeal.

An attorney has no duty to argue frivolous or groundless matters before a court. Canon of Professional Ethics 15.[1] His failure to do so does not give a client cause to charge failure of representation.

Appellant is in effect charging his retained counsel with bad judgment which has never been recognized by this

---

[1]Canon of Professional Ethics 15 reads in pertinent part: "But it is steadfastly to be borne in mind that the great trust of the lawyer is to be performed within and not without the bounds of the law. The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane. He must obey his own conscience and not that of his client."

court as reversible error. *State v. Mode*, 57 Wn.2d 829, 360 P.2d 159.

Judgment affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.

February 2, 1967. Petition for rehearing denied.