[No. 40057.    Department One.    November 7, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD
CLARENCE MOTT, *Appellant*.*

*Fredrickson, Maxey, Bell & Allison* and *Otto M. Allison,
Jr.*, for appellant (appointed counsel for appeal).

*George A. Kain* and *Lee A. Larson*, for respondent.

ROSELLINI, J.—The appellant was found guilty in superior court of the crime of grand larceny by receiving stolen goods and was acquitted on a count of burglary.

The first contention of the appellant is that there was no evidence of guilty knowledge to sustain the verdict and that for this reason the trial court should have granted his motion for a new trial. His argument in support of this contention, as we understand it, is that, since the jury acquitted him on the burglary charge, it did not believe those witnesses who testified that he knew about and participated in the theft of the wire. This is not an inevitable conclusion from the fact of acquittal on the burglary charge. The jury may well have found the evidence of a breaking insufficient and still found that the theft occurred

*Reported in 447 P.2d 85.

and that the defendant participated in it or at least knew of it. Their verdict indicates this to be the fact. We find no merit in this contention of the appellant.

■ The appellant assigns error to the giving of an instruction defining larceny. No exception was taken when this instruction was given, and it became the law of the case and cannot be reviewed for the first time on appeal. *State v. Stewart,* 73 Wn.2d 701, 440 P.2d 815 (1968); *State v. Queen,* 73 Wn. 706, 440 P.2d 461 (1968).

The appellant next advances his chief contention on appeal, that the trial court erred in permitting the state to present evidence that he had participated in previous thefts of telephone wire from the same owner. According to this evidence, the appellant had not only been a party to thefts of wire from the building where the wire allegedly taken on the date of the alleged crime was stored, but in addition had in the past cut wire down from the poles and carried it away from a site where the telephone company was conducting a dismantling project. The wire was identified as a pure copper wire of particular and specified dimensions, which was rolled and tied in a particular fashion before it was stored by the company. The evidence also showed that on a number of previous occasions, the appellant had sold the wire which was stolen to the Pacific Hide and Fur Company in Spokane.

As the appellant points out, to support a conviction of the crime of receiving stolen goods, the state must have shown that he knew the goods were stolen. It is his position that the only evidence tending to show guilty knowledge on his part was this evidence of his participation in prior thefts (since he assumes that the jury rejected the testimony that he actually participated in the theft of the wire he was alleged to have received). He contends that it was inadmissible.

■ The appellant concedes that evidence of other unrelated crimes is admissible to prove motive, intent, the absence of accident or mistake, a common scheme or plan, or identity; but he maintains that the evidence of his partici-

pation in the stealing of telephone wire on other occasions did not tend to prove any of these things. We think, however, that this evidence tended to prove intent and the absence of accident or mistake as well as a common scheme or plan; but even if it had no value in proving any of these things, it was nevertheless admissible.

The test of admissibility is whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Miles*, 73 Wn.2d 67, 436 P.2d 198 (1968); *State v. Dinges*, 48 Wn.2d 152, 292 P.2d 361 (1956); *State v. Hartwig*, 45 Wn.2d 76, 273 P.2d 482 (1954).

It is not only conceded but even insisted that the evidence of the other offenses was necessary to prove that the defendant knew the wire in question was stolen. It was relevant upon that question. His guilty knowledge was an element of the crime which it was incumbent upon the state to prove. Therefore, the evidence in question met the test of admissibility.

The appellant's final assignment of error concerns the admission of invoices bearing his handwriting, which he identified in court, and his acknowledged alias, which evidenced the sale of wire by the appellant to Pacific Hide and Fur Company. He suggests, without citation of authority, that these documents were inadmissible because they were hearsay. The appellant himself testified that the invoices accurately described transactions in which he had participated. Employees who wrote the invoices were present and testified.

The purpose of the hearsay rule is to exclude unreliable evidence. The invoices in question did not fall within that category. Furthermore, the invoices were business records and therefore admissible under the provisions of The Uniform Business Records as Evidence Act, RCW 5.45.

The judgment is affirmed.

HILL, HALE, and McGOVERN, JJ., and RUMMEL, J. Pro Tem., concur.

December 17, 1968. Petition for rehearing denied.