[No. 607-40856-1.    Division One—Panel 2.    October 26, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. OTIS LEE MORGAN, *Appellant.*

*William J. Gaffney,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Suzanne B. Amacher, Deputy,* for respondent.

HOROWITZ, A. C. J.—Defendants, Otis Lee Morgan and Tommie Smith, were convicted of grand larceny after a trial to a jury. Both defendants appealed but the defendant Smith dismissed his appeal. The jury could have found the following facts:

On the morning of September 14, 1968, at approximately 1:15, Mr. Loree was sitting alone in the driver's seat of his car, which was then parked in a vacant lot at 14th and Fir Streets in Seattle, Washington. The window next to him was rolled down. While so sitting he was approached on the driver's side by defendant Smith who several times asked Mr. Loree for a dollar, which request was refused. While defendant Smith and Mr. Loree were talking, defendant Morgan also approached the car and after listening to the conversation for a few minutes asked to see Mr. Loree's watch. Mr. Loree refused and the defendant Morgan again asked for the watch. Upon Mr. Loree's second refusal, defendant Morgan pulled a knife out of his pocket, stuck it close to Mr. Loree's face, and again demanded the watch. This time, Mr. Loree gave it to him. Mr. Loree testified that at no time did he give either of the defendants permission to take his watch. After taking Mr. Loree's watch, the defendants left the vacant lot where the car was parked and walked down the street together, still in view of Mr. Loree.

Shortly thereafter a Seattle Police Department patrol car drove by and was hailed by Mr. Loree. At that time the defendants were approximately half way down the street. Mr. Loree told the officers just what had occurred and pointed out the defendants Smith and Morgan. The officers followed the defendants, stopped them, placed them under arrest for suspicion of robbery, and searched them. Officer Hamlot, upon searching the defendant Smith, found a white-handled knife in his left-hand pocket and a wrist-watch on his left arm. While the defendants were in the patrol car after arrest, Mr. Loree identified the knife as the one used on him by the defendant Morgan and the watch as his own. When the defendant Morgan was searched, neither a watch nor a knife was found in his possession. During the trial the knife and watch were each introduced as evidence. Mr. Loree identified the watch as the one taken from him by the defendant Morgan. He recognized it because it was a Waltham watch without much gold plating on its winding

stem (he had peeled the gold plating off the stem of his watch), and because the band attached to the watch was identical to his own. Officer Hamlot also identified the watch placed in evidence, stating that it was the one that he had taken from defendant Smith. However, there was no direct evidence tracing its chain of custody subsequent to the time the police officers took it into their possession.

At trial, defendant Morgan testified that he had approached Mr. Loree in his car and asked for a dollar but had left Mr. Loree when the latter said he did not have one and immediately thereafter he was walking with defendant Smith when they were both arrested. He denied that he had asked Mr. Loree for his watch. Defendant Smith testified that he had approached Mr. Loree's car and asked for a dollar but left when Mr. Loree refused to give him one, and he then saw Mr. Morgan at the car talking to Mr. Loree, after which defendant Morgan rejoined him on the street. Defendant Morgan told him to hold the watch and the knife and he put the former on his wrist and the latter in his coat pocket. He testified that the watch placed in evidence looked like the same watch given to him by Mr. Morgan because it was "the same color and everything."

■ Defendant contends that the watch should not have been admitted in evidence because the evidence of identification was insufficient, relying on *Dyer v. Missouri State Life Ins. Co.,* 132 Wash. 378, 232 P. 346 (1925). That case is distinguishable. Here, there was sufficient evidence of identification by Mr. Loree, by the arresting officer, and by a codefendant confirmed by Mr. Loree's identification at the scene of the crime. The weight of the evidence was for the jury. *State v. Duree,* 52 Wn.2d 324, 324 P.2d 1074 (1958); *State v. Long,* 58 Wn.2d 830, 365 P.2d 31 (1961); *State v. Helms,* 77 Wn.2d 89, 459 P.2d 392 (1969).

Defendant next contends that the court omitted an element in the crime of grand larceny in its instruction to the jury. RCW 9.54.010 states:

Larceny. Every person who, *with intent to deprive or defraud the owner thereof—*

(1) Shall take, lead or drive away the property of another; . . .

Steals such property and shall be guilty of larceny.

(Italics ours.) Instruction No. 2 reads:

To convict either defendant of grand larceny as charged, the state must prove to you beyond a reasonable doubt:

(1) That on or about the 14th day of September, 1968, in King County, Washington, he either did take, steal and carry away a watch, the property of Steward Fielding Loree from his person,
or

(2) That he being present did aid, abet or assist the other in such taking.

The instruction omitted the italicized language. The defendant's court-appointed counsel below (not court-appointed counsel on appeal) did not except to instruction No. 2 on the ground now claimed as error, nor was there a request below that the court embody the phrase "with intent to deprive or defraud the owner thereof" in the instruction given. It is now contended that the instruction given was prejudicially erroneous.

■■ In our opinion the omission of the statutory language of intent was not prejudicial error. First, the intent requirement was not at issue in the trial below so as to make the instruction misleading. The defense relied upon by defendant Morgan (both defendants testified) was not that the watch had been taken with the permission of Mr. Loree, but rather that the defendant Morgan had not stolen the watch because the defendant Smith had done so, or that the watch was not properly identified. The undisputed evidence showed that someone had stolen the watch, and there was no claim made to the jury or court below that a mere innocent taking, or a taking with permission, could constitute the crime charged. Second, the language used in the instruction implied the necessity of finding felonious intent. Instruction No. 2 required the state to prove that the defendant "did take, steal and carry away a watch, the property of Steward Fielding Loree from his person." The language "take, steal and carry away" is not uncommon. *Barn-*

*hart v. State,* 154 Ind. 177, 56 N.E. 212, 214 (1900). The words are used together to describe a single concept, namely, theft or a felonious taking. The word "steal", standing alone, means (Webster's Third New International Dictionary) "to practice theft; take the property of another . . ." The word "steal", as used in the case law, implies a felonious taking. *Fountain v. State,* 92 Fla. 262, 109 So. 463, 464 (1926); *People v. Tomlinson,* 102 Cal. 19, 36 P. 506, 508 (1894); *Darnell v. State,* 369 P.2d 470, 473 (Okl. Crim. 1962). Hence, both the popular and legal meaning of the term "steal" makes it clear that it is a taking with felonious intent.

■ Apparently, defendant's counsel below did not think that the charge was unclear because he took no exception on that ground. Neither did he request a clarifying instruction or the addition of omitted language. Normally, an appellate court will not review instructions if no exception has been taken to them below. *State v. Mott,* 74 Wn.2d 804, 447 P.2d 85 (1968); *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966). In the last case, the defendant was convicted of burglary in the second degree. The instruction given by the trial court omitted the phrase " 'wherein property is kept for use, sale or deposit' " in describing the building burglarized. No exception was taken to the omission of the language in the instruction. The court rejected the defendant's contention that the omission was prejudicial adhering to the rule that "absent obvious and manifest injustice, we will not review assignments of error based upon the giving or refusal of instructions to which no timely exceptions were taken." The court further pointed out that the defendant had testified at trial but had not disputed the state's evidence that the building involved was at all times concerned a building where property was kept for use, sale or deposit. The court concluded that the evidence presented at trial showed that the issue of "wherever property is kept for use, sale or deposit" had become "an unquestioned, undisputed and uncontroverted peripheral issue" and that

the vital and contested issues had been properly submitted. The court concluded:

> While we cannot applaud the draftsmanship of instruction No. 13 or the challenged omission, we are unwilling in the context of this case to characterize it as a violation of due process.

In our opinion the reasoning of *State v. Louie, supra,* applies here.

■ Defendant finally contends that instruction No. 2 dealing with the crime of aiding and abetting was likewise deficient because it limited the aiding and abetting to "such taking" without referring to stealing and carrying away. No exception was taken to this portion of the instruction on the ground now assigned so as to permit appellate review. *State v. Mott, supra; State v. Louie, supra.* In any case, "such taking" could not have misled the jury by being deemed to mean an innocent taking. In the context used, it reasonably refers to the previous phrase "did take, steal and carry away" which, as has been pointed out, means a felonious taking; *i.e.,* "with intent to deprive or defraud the owner thereof." The issue below was which defendant did the actual stealing or aided in its consummation. The fact that no exception was taken is consistent with our view that no one was misled. An instruction, if not misleading on consideration of the record taken as a whole, is not prejudicially erroneous. In the absence of prejudice, even reviewable error is not reversible. RCW 4.36.240; *Owens v. Anderson,* 58 Wn.2d 448, 364 P.2d 14 (1961); *State v. Williams,* 68 Wn.2d 946, 416 P.2d 350 (1966); *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.