[No. 119-3.    Division Three.    December 8, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. DORA MARIE GOMEZ, *Appellant.*

*James S. Hogan,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Thomas Dietzen, Deputy,* for respondent.

GREEN, J.—Defendant, Dora Marie Gomez, appeals a conviction of second-degree assault.

On the evening of August 14, 1969, defendant was a customer in the cocktail lounge of Stockmen's Cafe in Yakima. An altercation occurred between the defendant, Dan Russell and Steve Fitterer. During the altercation defendant stabbed or cut Russell, Fitterer and two others with a pocket knife. Thereafter, defendant was charged with two counts of second-degree assault involving Russell and Fitterer. The evidence presented upon the trial was conflicting. The defendant claimed self-defense. The jury convicted de-

fendant of second-degree assault against Russell, but acquitted defendant on the second count involving Fitterer.

First, defendant claims the trial court erred in denying her motion for mistrial. The prosecuting attorney in his opening statement to the jury said two other people were stabbed by the defendant during the altercation. Since the two other people were not named in the information, defendant contends the denial of the motion was prejudicial error. We disagree.

The defendant is correct in stating that a defendant must be tried for the offenses charged in the information and to introduce evidence of unrelated crimes is prejudicial. *State v. Goebel,* 36 Wn.2d 367, 368, 218 P.2d 300 (1950). However, there are exceptions to this rule. It has long been recognized in this state that when the intent of the accused is an element of the offense charged, evidence of other related offenses having a bearing upon the one charged is then properly received. *State v. Mott,* 74 Wn.2d 804, 447 P.2d 85 (1968); *State v. Roff,* 70 Wn.2d 606, 612, 424 P.2d 643 (1967); *State v. Leohner,* 69 Wn.2d 131, 134, 417 P.2d 368 (1966); *State v. Goebel, supra.* Defendant's intent is an essential element of the offense of second-degree assault. RCW 9.11.020. The jury was so instructed; defendant did not except to the instructions and they are the law of the case. *State v. Mott, supra.* Moreover, testimony as to the stabbings of the two other people was admitted without objection during the trial. Additionally, it is clear these two stabbings were part of the res gestae and properly admitted to describe the complete activity that occurred surrounding the events giving rise to the charges contained in the information. *State v. Evans,* 145 Wash. 4, 10-11, 258 P. 845 (1927).

Next, defendant assigns error to the trial court's denial of an objection or motion to strike the testimony of Fitterer that, "Oh, maybe she [defendant] was trying to hustle more or less." It is contended this testimony was not responsive and was prejudicial to the defendant. The answer was invoked when defendant's counsel asked the witness,

"What, if anything, did you first observe about the defendant?" While it may be arguable as to whether or not the answer was responsive, a full review of the record convinces us the error, if any, was not prejudicial. *State v. Nist,* 77 Wn.2d 227, 461 P.2d 322 (1969); *State v. Dorrough,* 2 Wn. App. 820, 470 P.2d 230 (1970).

Last, defendant contends the trial court erred in overruling her motion in arrest of judgment or for new trial and entering judgment and sentence convicting defendant of second-degree assault as to count 1. We disagree.

▇▇▇▇▇ A motion in arrest of judgment raises the question of the sufficiency of the evidence to take the case to the jury. *State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958). In *Reynolds,* the court said at page 834:

Whether the evidence is sufficient to submit the issue to the jury is a question of law for the court, and no element of discretion is involved. . . . *Where there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury.*

(Italics ours.) In the instant case, the evidence was conflicting. Our review of this record indicates that reasonable minds might draw different conclusions from the facts presented and that the issues raised by the information were clearly issues to be resolved by the jury.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.