[No. 210-2. Division Two. March 11, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LEVI WILLIAM MACK, *Appellant*.

*Jack E. Tanner* (of *Tanner & Burgess*), for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D.*

---

*Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PETRIE, C.J.—On September 9, 1967 the Alibi Tavern in Tacoma was held up by three men—two stood at the door, one holding a pistol, the other a rifle, while the third robber emptied the till and slugged the bartender. The appellant was accused as the rifle-carrying robber. At trial, Michael McClarron, who had confessed to this robbery, testified that the appellant Mack had carried the rifle during the robbery. Mack denied his participation and declared that he was in Portland at the time in question. His alibi defense was corroborated by his wife and a friend. The jury found him guilty of robbery and also found that he had been armed with a deadly weapon.

At trial, on cross-examining McClarron, appellant's counsel asked if he had also confessed to other robberies. McClarron admitted he had. On redirect, the court, over the objection of appellant, allowed the state to ask who else had participated in these other robberies—McClarron testified that Mack had.

The single issue on appeal is whether or not the court erred in allowing this question on redirect. The purpose of redirect examination is to clarify matters which may tend to have become confused by the cross-examination and to rehabilitate the witness before the trier of fact. *State v. Stevens,* 69 Wn.2d 906, 421 P.2d 360 (1966). The scope of redirect examination on matters that are not strictly rebuttal of cross-examination rests within the sound discretion of the trial court. *State v. Hinkley,* 52 Wn.2d 415, 325 P.2d 889 (1958). The question asked herein was not designed to elicit appropriate rebuttal, clarification or rehabilitation. Rather, the question clearly sought only to obtain irrelevant testimony of appellant's alleged participation in other crimes.[1] As such, error was committed.

---

[1] The general rule is that a defendant must be tried for the offenses charged in the indictment or information and that evidence of unrelated crimes may not be admitted. To this rule there are exceptions:

■ However, since trial is an adversary process it is not uncommon that errors do occur. Judicial review is the safeguard employed to ensure that the accused received a fair though perhaps imperfect trial. When the error herein is viewed against the backdrop of the evidence, it cannot be said that the accused was denied a fair trial. In particular, the incriminating testimony given by the confessed accomplice was in no manner undermined, and the accused later acknowledged his criminal record. After a careful review, we are unable to say that this error was prejudicial.

Affirmed.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied April 14, 1971.

Review granted by Supreme Court May 21, 1971.

to show motive, intent, absence of plan or mistake, a common scheme or plan or identity. The true test is whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952). The testimony elicited herein did not meet that test, and hence was inadmissible.