[No. 41964. En Banc. December 2, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LEVI WILLIAM MACK, *Petitioner*.

*Jack E. Tanner*, for petitioner.

Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel, and Eugene G. Olson, Chief Criminal Deputy, for respondent.

FINLEY, J.—In this appeal involving conviction and sentence for the crime of armed robbery, error is assigned to the admission of testimony regarding certain other robberies allegedly committed by appellant.

On September 9, 1969, the Alibi Tavern in Tacoma was held up by three men—two stood at the door, one holding a pistol, the other a rifle, while the third robber emptied the till and slugged the bartender. At trial, Michael McClarron, who had confessed his role as the till-emptying robber, testified that the appellant Mack was the rifle-carrying member of the trio. Mack denied his participation and declared that he was in Portland at the time in question. His alibi defense was corroborated by his wife and a friend. The jury found him guilty of robbery and also found that he had been armed with a deadly weapon.

At trial, counsel for appellant Mack asked McClarron on cross-examination if he had confessed to other robberies. McClarron admitted that he had. On redirect examination, despite the objection of counsel for appellant, the trial judge allowed the prosecutor to ask McClarron who else had participated in the other robberies, and McClarron testified that Mack had.

The single issue on appeal is whether or not the court erred in allowing this question to be asked and answered on redirect examination. The Court of Appeals concluded that error was committed, but that, when "viewed against the backdrop of the evidence . . ." the error was not prejudicial to the appellant. State v. Mack, 4 Wn. App. 460, 462, 483 P.2d 143 (1971). We agree with the Court of Appeals that the admission of the question and answer was error. However, we cannot agree that the error was not prejudicial. Consequently, we are convinced that a new trial must be granted.

 Redirect examination is usually employed to clarify matters which have become confused in the process of

cross-examination, to rehabilitate a witness before the trier of fact, or to rebut testimony elicited on cross-examination. *State v. Stevens,* 69 Wn.2d 906, 421 P.2d 360 (1966); *State v. Hinkley,* 52 Wn.2d 415, 325 P.2d 889 (1958); *State v. Baker,* 4 Wn. App. 121, 480 P.2d 778 (1971). We are convinced that the question which the prosecutor asked McClarron did not result in clarification, rebuttal, or rehabilitation. Its effect was to introduce testimony regarding Mack's alleged participation in crimes other than the one for which he was being tried.

■ Such testimony is not admissible. A defendant must be tried for the offenses charged in the indictment. Evidence of unrelated crimes may not be admitted, except where such evidence shows motive, intent, absence of accident or mistake, a common scheme or plan, identity, or is somehow relevant and necessary to prove an essential ingredient of the crime charged. *State v. Mott,* 74 Wn.2d 804, 447 P.2d 85 (1968); *State v. Dinges,* 48 Wn.2d 152, 292 P.2d 361 (1956); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). The testimony elicited herein was not admissible under any of the above exceptions. Furthermore, it exceeded the proper scope of redirect examination and, as concluded by the Court of Appeals, its admission constituted error. *State v. Baker, supra.*

We turn now to the question of whether the error of admitting the challenged testimony was prejudicial to appellant. The Court of Appeals held that the error was not prejudicial when viewed in the context of all the evidence. We cannot agree. The only effective evidence against appellant was the testimony of his alleged accomplice. The decision of the jury as to guilt or innocence depended upon its assessment of appellant's credibility. Such an assessment was very likely to be influenced by erroneously admitted evidence of prior criminal acts.

■ In *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968), we said:

A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. *State v. Britton,* [27 Wn.2d 336, 178 P.2d 341 (1947)].

> When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors.

Since we cannot say from the record whether Mack would or would not have been convicted in the absence of the erroneously admitted testimony, it is our judgment that the testimony in question was prejudicial and that appellant is entitled to a new trial. This holding is consistent with the general rule that evidence of other crimes, if inadmissible, is prejudicial. Lacy, *Admissibility of Evidence of Crimes Not Charged in the Indictment*, 31 Ore. L. Rev. 267, 287 (1952). It follows our statement in *State v. Dinges*, 48 Wn.2d 152, 154, 292 P.2d 361 (1956):

> A defendant must be tried for the offense charged in the indictment or information. To introduce evidence of an unrelated crime is grossly and erroneously prejudicial, unless the evidence of the unrelated crime is admissible to show motive, intent, the absence of accident or mistake, a common scheme or plan, or identity.

We do not hold, however, that erroneously admitted evidence of other crimes is *always* prejudicial. For example, in *State v. Baker*, 4 Wn. App. 121, 480 P.2d 778 (1971), the Court of Appeals concluded that improper admission of evidence of a defendant's prior alleged criminal acts did not deny him a fair trial. In *Baker*, on cross-examination, one of the state's witnesses was asked certain questions by counsel for defendant in an obvious effort to impeach Baker's accomplice, Cronk, who was scheduled to testify for the prosecution. In particular, testimony was elicited that Cronk had been arrested on a narcotics charge on the day that he and Baker were apprehended. On redirect, the prosecutor asked if anyone else had been arrested at that time

for possession of marijuana. The objection of defense counsel to this question was overruled and the witness answered that John Baker, the defendant, had also been arrested. The court first held that the admission of this evidence was error and an improper exercise of the discretion of the trial court in controlling the scope of redirect examination. The court then held that the improperly admitted testimony was not prejudicial to defendant, noting that (1) the defendant later testified, at which time his conviction of possession of marijuana arising from the above-mentioned arrest was brought to the attention of the jury, and that (2) there was substantial evidence to support the jury verdict.

■ Neither of these factors is present in the case now before us. When appellant Mack testified later in the trial, the prosecution could not have impeached his credibility with evidence of the alleged robberies because Mack had not been convicted of them. A witness' credibility can be attacked by evidence of prior *convictions*, but not by evidence of *alleged criminal acts*. RCW 10.52.030; *State v. Emmanuel*, 42 Wn.2d 1, 13, 253 P.2d 386 (1953). It cannot therefore be said that appellant's decision to take the stand made admission of the alleged crime inevitable, as was the case in *Baker*.

Furthermore, in *Baker* the evidence against the defendant was overwhelming. Stolen credit cards and illegally possessed marijuana were actually found in the possession of defendant and his mother. In the present case there are neither fruits of the robbery nor eyewitness identifications to prove the guilt of appellant. There is only the testimony of a single accomplice, whose background is nearly as unconducive to credibility as that of defendant. It is difficult to imagine a case where inadmissible evidence of prior alleged criminal acts would be more prejudicial to defendant. Under the circumstances, we cannot say that the jury would have failed to believe the defendant's alibi and would have convicted him in the absence of the erroneously admitted question and answer. *State v. Martin, supra.*

█ Appellant's failure to ask for a corrective instruction does not preclude our consideration of this claim of prejudicial error. In *State v. La Porte*, 58 Wn.2d 816, 365 P.2d 24 (1961), we recognized an exception to the general rule and held that error can be reversible in the absence of a request for a corrective jury instruction, where the testimony objected to is so prejudicial that an instruction would not cure its effect. In *State v. Miles*, 73 Wn.2d 67, 71, 436 P.2d 198 (1968), we said:

> While it is presumed that juries follow the instructions of the court, an instruction to disregard evidence cannot logically be said to remove the prejudicial impression created where the evidence admitted into the trial is inherently prejudicial and of such a nature as to likely impress itself upon the minds of the jurors. *State v. Suleski*, 67 Wn.2d 45, 406 P.2d 613 (1965).
>
> We conclude that . . . testimony . . . concerning an alleged plan to perpetrate a robbery like the one with the commission of which the defendants were charged, was so prejudicial in nature that its effect upon the minds of the jurors could not be expected to be erased by an instruction to disregard it. Therefore the defendants were denied a fair trial and a new trial must be ordered.

Testimony of appellant's prior similar crimes is equally prejudicial and similarly beyond hope of cure by a corrective instruction. Appellant's failure to request such an instruction does not preclude raising of the issue on appeal.

For the above reasons the judgment is reversed and the case remanded for a new trial.

HAMILTON, C.J., ROSELLINI, HUNTER, NEILL, STAFFORD, and WRIGHT, JJ., concur.

HALE, J. (dissenting)—The attorney for the appellant, on cross-examination, attempted to impeach the credibility of the state's principal witness, Michael McClarron, an accomplice to the robbery by asking the following question:

> BY MR. CRONK: . . . Q. You also admitted a couple of other robberies, is that correct? A. Yes, this is true.

On redirect examination Mr. Atkinson, attorney for the

state, asked the following question and the following occurred:

BY MR. ATKINSON: . . . Q. All right. With regard to the couple of other robberies, then, that Mr. Cronk asked you about, who was with you on those robberies? MR. CRONK: Objection, your Honor. MR. ATKINSON: This was raised in cross examination. THE COURT: It is within the scope of his examination. MR. ATKINSON: He opened this up. MR. CRONK: It wasn't brought in regarding this defendant, your Honor. MR. ATKINSON: It would be proper examination on direct. MR. CRONK: They asked him if he had admitted being at some other robbery. THE COURT: I am going to overrule the objection now. Q. (By Mr. Atkinson) First of all, when were the other robberies? A. I don't know. Sometime afterwards. Q. Both on the same night? A. No. Q. Different nights? A. Yes. Q. Who was with you? A. The same two gentlemen. Q. The same gentlemen? A. Yes. Q. Mack both times? A. (Whereupon, the witness nodded his head in the affirmative.) MR. ATKINSON: That is all I have.

RECROSS EXAMINATION

BY MR. CRONK: Q. Do you recall when these other robberies were? A. Huh? Q. Were you charged with these other robberies? A. Yes. Q. Not in Superior Court? A. No. MR. CRONK: No further questions.

The majority hold that the eminent trial judge erred when, in the proper exercise of his discretion, he permitted the questioned evidence to be considered by the jury. I do not agree with the majority for the following reasons:

(1) The questioned evidence was invited by the appellant, when his counsel asked the question, "You also admitted a couple of other robberies, is that correct?"

In *State v. Gefeller,* 76 Wn.2d 449, 455, 458 P.2d 17 (1969), this court said:

It would be a curious rule of evidence which allowed one party to bring up a subject, drop it at a point where it might appear advantageous to him, and then bar the other party from all further inquiries about it. Rules of evidence are designed to aid in establishing the truth. To close the door after receiving only a part of the evidence not only leaves the matter suspended in air at a point

markedly advantageous to the party who opened the door, but might well limit the proof to half-truths. Thus, it is a sound general rule that, when a party opens up a subject of inquiry on direct or cross-examination, he contemplates that the rules will permit cross-examination or redirect examination, as the case may be, within the scope of the examination in which the subject matter was first introduced. *State v. Stevens,* 69 Wn.2d 906, 421 P.2d 360 (1966); [Citing cases.].

The trial court properly applied the rule announced by this court in the *Gefeller* case and held that the state's redirect examination was within the scope of the subject matter of the appellant's invited inquiry. The majority opinion totally ignores this salient issue. In my opinion the door was opened by the appellant, and to deny further inquiry by the state limits the proof to only a half-truth.

(2) The statement was not prejudicial to the appellant. He testified in his own behalf and denied any participation with Michael McClarron in *any* robberies. The evidence did not affect the credibility of the appellant for the reason stated in the majority opinion, "A witness's credibility can be attacked by evidence of prior *convictions,* but not by evidence of *alleged criminal acts.*" When the appellant's attorney Cronk attempted to impeach the testimony of the state's witness Mr. McClarron he did not inquire about prior convictions, but only of Michael McClarron's *participation* in other robberies. The evidence, therefore, was not prejudicial to either the state or appellant.

(3) The rule is that evidence of unrelated crimes may not be admitted, except where such evidence shows motive, intent, absence of accident or mistake, a common scheme or plan, identity, or is somehow relevant and necessary to prove an essential ingredient of the crime charged. *State v. Mott,* 74 Wn.2d 804, 447 P.2d 85 (1968). The majority opinion admits the rule and categorically holds "The testimony elicited [by the state] herein was not admissible under any of the above exceptions." *I do not agree.* The evidence in question falls squarely within the exception announced in the cases cited. The record established that within a 3-

month period the trio had engaged in a "common scheme or plan" to commit three robberies, the first of which was the one at the Alibi Tavern. Whether the evidence of the three robberies did in fact establish a "common scheme or plan" was a jury determination. The jury resolved the factual determination in favor of the state by the unanimous verdict of guilty.

(4) Finally, it has often been said by this court that an appellant is entitled to a fair trial, not a perfect trial. *State v. Ingle,* 64 Wn.2d 491, 392 P.2d 442 (1964). The rule applied by the majority leaves little doubt that the perfect trial rule is now the Washington rule. In my opinion the Court of Appeals properly held that considering the "backdrop" of the evidence the appellant did receive a fair trial. I add to the conclusion of the Court of Appeals a further reason that "when a party opens up a subject of inquiry on . . . cross-examination, he contemplates that the rules will permit . . . redirect examination . . . within the scope of the examination in which the subject matter was first introduced." *State v. Gefeller, supra,* and cited cases. In my opinion there can be no question that the redirect examination was "within the scope" of the subject matter so introduced.

The judgment, in my opinion, should be affirmed.

OTT, J. Pro Tem., concurs with HALE, J.