IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76900-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| EUGENE SIMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 10, 2018 |
| | ) | |

PER CURIAM — Eugene Sims pleaded guilty to attempted second degree assault with sexual motivation and tampering with a witness. Sims appeals the sentence imposed on the first count and the State concedes the sentence is facially invalid. We accept the State's concession and remand for resentencing. We reject Sims' further arguments raised in a statement of additional grounds.

## FACTS

Following a series of incidents between Sims and his girlfriend, the State charged Sims with nine domestic violence offenses. The parties eventually reached an agreement under which Sims pleaded guilty to attempted second degree assault with sexual motivation and tampering with a witness.

At sentencing on the attempted assault, the court calculated Sims' offender score as 11 points, resulting in a standard range of 47.25 to 63 months.

The court imposed an indeterminate sentence with a minimum term of 47.25 months. The court also imposed a standard-range determinate sentence.

## ANALYSIS

Sims appeals his sentence on the attempted assault conviction, contending the trial court miscalculated his offender score. Sims argues that his correct offender score should be 10 and, although the error does not affect the standard range, it nevertheless requires resentencing. Sims also challenges several conditions of community custody. The State agrees that resentencing is required but on different grounds. The State's position is that because Sims' sentence includes both a determinate and an indeterminate sentence for the same count, the sentence is invalid on its face.

We accept the State's concession of error. We remand for resentencing and for the sentencing court to resolve any issues concerning Sims' offender score and conditions of community custody.

Sims raises further issues in a statement of additional grounds. He first asserts that he was denied counsel on a motion to withdraw his guilty plea. Although Sims agreed to the offender score when he entered his plea, he later wrote to the court asserting that the offender score was incorrect and constituted a basis for him to withdraw his guilty plea. Sims' argument concerned five convictions entered in 2005, which he asserted should "wash out" or at most be counted as one offense.

On the original sentencing date, Sims was represented by David Trieweiler. Trieweiler informed the court that he had been appointed to look into

- 2 -

the matter of withdrawing the plea but would not be bringing that motion. Trieweiler stated that another public defender had reached the same conclusion. Sims addressed the court and stated that he wanted an attorney to bring the motion. The court explained that the argument Sims proposed was not consistent with his attorneys' understanding of the law and, "at some point, if attorneys believe that you are incorrect, their ability to continue representing you ends." The court declined to appoint another public defender but explained to Sims how to bring his motion, clarified that Trieweiler would act as standby counsel, and set over sentencing to allow Sims time to prepare. Following a hearing, the court denied Sims' motion to withdraw his guilty plea, finding that the offender score was properly calculated.

Sims asserts that the sentencing court did not allow Trieweiler to bring the motion to withdraw the guilty plea and required Sims to proceed pro se, thereby violating his constitutional right to counsel. The argument is without merit. A defendant has a constitutional right to appointed counsel at all critical stages of a prosecution, including a plea withdrawal hearing. State v. Harell, 80 Wn. App. 802, 804, 911 P.2d 1034 (1996). But an attorney has no duty to advance frivolous or groundless motions. State v. Stevens, 69 Wn.2d 906, 908, 421 P.2d 360 (1966); see also RPC 3.1. An action is frivolous if a lawyer is unable to make a good faith argument to support the action. In re Disciplinary Proceeding Against Jones, 182 Wn.2d 17, 41, 338 P.3d 842 (2014). In this case, Sims was represented and his counsel declined to bring a frivolous argument. The trial court did not violate Sims' right to counsel.

- 3 -

Sims next argues that the sentencing court abused its discretion by declining to treat his five 2005 convictions as the same criminal conduct. Crimes constitute the same criminal conduct for sentencing purposes when they (1) share the same criminal intent, (2) are committed at the same time and place, and (3) involve the same victim. RCW 9.94A.589(1)(a). We review the sentencing court's determination for abuse of discretion. State v. Graciano, 176 Wn.2d 531, 536, 295 P.3d 219 (2013).

In 2005, Sims was convicted of three counts of felony violation of a no contact order, one count of assault in the third degree domestic violence, and one count of assault in the third degree non-domestic violence. Documents concerning these convictions are not included in the record. At the original sentencing hearing, Trieweiler and the prosecutor informed the court that the three no contact order violations involved the same victim but occurred on different dates. The two counts of third degree assault occurred on the same date but involved different victims. Sims points to nothing in the record indicating that his 2005 offenses met the statutory definition of same criminal conduct. There was no abuse of discretion.

Finally, Sims argues that the trial court erred by accepting his plea on the witness tampering charge without reviewing the certificate of probable cause. The trial court may not accept a plea of guilty unless the record includes evidence sufficient for a jury to conclude that the defendant is guilty. In re Pers. Restraint of Keene, 95 Wn.2d 203, 209-10, 622 P.2d 360 (1980); see also CrR 4.2(d). Where the trial court relies on the defendant's statement on the plea

No. 76900-6-I/5

form, the facts admitted must amount to the violation charged. <u>State v. S.M.</u>, 100 Wn. App. 401, 414, 996 P.2d 1111 (2000).

The crime of tampering with a witness may be proved by evidence that the defendant attempted to induce a witness to absent herself from trial. RCW 9A.72.120. As part of his plea, Sims stated, "On or about 11/22/16, in King County, WA, I attempted to induce a witness. . . who I had reason to believe was about to be called as a witness in an official proceeding (trial), to absent herself from such official proceeding (trial)." Sims' plea statement provides the necessary factual basis for the charge of witness tampering.

We affirm Sims' convictions and remand for resentencing.

FOR THE COURT:

Andrus, J.

- 5 -