[No. 46449.   En Banc.   June 26, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. CLEVELAND ALTON JAMISON, *Petitioner*.

*William N. Goodwin,* for petitioner.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

STAFFORD, J.—Defendant Cleveland Jamison appealed his second–degree robbery conviction, contending the trial court erred in admitting inculpatory testimony of two witnesses. The Court of Appeals affirmed. We conclude it was

error to admit a portion of the testimony, but hold it was not reversible error.

On August 9, 1977, two men robbed an all–night grocery store in Tacoma, Washington. A surveillance camera took photographs of the pair during the course of the robbery. This led the police investigation to focus upon defendant. On September 6, 1977, Tacoma police officers visited Green Hill School, a detention center for juveniles, at Chehalis, Washington. They presented two resident counselors with one of the surveillance photographs. The counselors told the police they "believed the picture was Alton Jamison", who was then, and for a 6–months period had been, a resident at Green Hill. Defendant was arrested and charged with second–degree robbery. He initially denied any participation in the incident. After being moved to juvenile detention in Tacoma, however, he was confronted with the surveillance photographs and admitted that he was the person appearing therein and that he and "Moose" had robbed the grocery store.

At trial, an officer of the Tacoma Police Department testified defendant had admitted he was the one appearing in the surveillance photographs and had confessed to committing the robbery. The photographs were admitted in evidence.

The State called as witnesses, Green Hill School counselors, Don Smith and Jane Kaija, who had previously identified defendant from the surveillance photographs. Don Smith testified as follows:

Q. At the time you were shown that photograph by Detective Lane, were you able to identify the person in the photograph?
A. Yes.
Q. And did you tell him who you felt the person in the photograph to be?
A. Yes, I did.
Q. Who was that?
A. I believed the picture was Alton Jamison.
. . .

Q. Have you, in the past, had personal contact with Cleveland Alton Jamison?

A. Yes, sir.

Q. Over how long a period of time?

A. Well, it's probably been six months that I had him in Spruce Cottage at Green Hill School. . . . He was a resident student at Spruce Cottage at Green Hill School.

Q. I would like to call your attention to the shirt on the figure in the photograph. Do you specifically recognize the shirt?

A. Alton—I've seen him with a shirt similar to this. . . . I believe Alton had a shirt similar to this.

Jane Kaija's testimony was almost identical. Defendant made timely objections to the counselors' testimony, and moved for a mistrial after they mentioned Green Hill School. Defendant did not take the stand, and was subsequently found guilty of second–degree robbery.

The Court of Appeals affirmed the trial court. This court granted defendant's petition for review.

Defendant contends the trial court erred by admitting the counselors' testimony identifying him as the person appearing in the surveillance photographs. He asserts their testimony required no special expertise or knowledge and thus amounted to an impermissible opinion on an ultimate fact within the province of the jury, *i.e.*, the identity of the robber. He also asserts the trial court committed error by permitting the counselors to mention his residency at Green Hill.

On the identification issue the Court of Appeals held "[t]he purpose of the evidence was to assist the trier of facts to clarify a matter not entirely within the common knowledge of the jurors." *State v. Jamison*, 23 Wn. App. 454, 459, 597 P.2d 424 (1979). As to the testimony regarding defendant's residency at Green Hill, the Court of Appeals assumed the jury would understand that being a "resident student" at the school would indicate he had a prior record as a juvenile offender. It noted, however, that the "offending evidence" occurred when the counselors

responded to questions concerning the length of time they had known defendant. It was held that the polluting effect, if any, could easily have been mitigated by a request for a cautionary instruction. Since none had been requested, the court held there was no prejudicial error.

Initially it is important to note the nature of the identification testimony. No one asserts the counselors' opinion testimony was based on some expertise that would bring into play the specialized rules governing expert opinions. *Church v. West,* 75 Wn.2d 502, 452 P.2d 265 (1969); 3 C. Scott, *Photographic Evidence* § 1525 (1969). Rather, they testified as lay witnesses having close familiarity with defendant, at or near the time of the robbery, which enabled them to make lay identification of defendant from the surveillance photographs. *See United States v. Murray,* 523 F.2d 489, 491 n.1 (8th Cir. 1975).

■ Generally, where witnesses have no special skill, experience, or education concerning the subject matter of their testimony, they "must state facts, and not draw conclusions or give opinions." *Randanite Co. v. Smith,* 172 Wash. 390, 395, 20 P.2d 33 (1933); *State v. Dukich,* 131 Wash. 50, 228 P. 1019 (1924); *State v. Wigley,* 5 Wn. App. 465, 488 P.2d 766 (1971). This rule need not be adhered to, however, "if the subject matter of the testimony cannot be reproduced and described to the jury precisely as it appeared to the [lay] witness . . ." *Ulve v. Raymond,* 51 Wn.2d 241, 253, 317 P.2d 908 (1957). In such cases, a witness who has had some means of personal observation may relate the basis of his observation and then "state his opinion, conclusion, and impression formed from such facts and circumstances as came under his observation." (Italics deleted.) *Ulve v. Raymond, supra* at 253; *Tecklenburg v. Everett Ry., Light & Water Co.,* 59 Wash. 384, 109 P. 1036 (1910). The controlling principle is whether the opinion evidence will assist the jury in correctly understanding matters that are not within their common experience. *State v. Batten,* 17 Wn. App. 428, 437, 563 P.2d 1287 (1977).

In the instant case, the Court of Appeals held the opinion testimony was admissible because the opinions were based upon special knowledge of defendant's appearance at or near the time the surveillance photographs were taken. Such knowledge standing alone, however, was insufficient to permit the counselors to express their opinion as to the identity of the person appearing in the surveillance photographs. Although the surveillance photographs were properly admitted, the defendant himself was in the jury's presence. Thus, the jury was able to compare his appearance with the photographs and decide whether the robber pictured therein was the defendant. The counselors' knowledge of defendant's appearance placed them in no better position to make that critical determination. Accordingly, the counselors' opinion testimony was an impermissible invasion of the jury's province.

In reaching this conclusion, however, we do not suggest that opinion testimony of identification based on knowledge of a defendant's appearance at or near the time of taking a surveillance photograph necessarily is inadmissible. Where such knowledge can actually assist the jury in correctly understanding matters that are not within their common experience, such opinion testimony is admissible. Here there was no evidence that, for example, the photographs failed to clearly or accurately depict the robber, or that defendant's appearance had changed or had been altered prior to trial or that he had certain peculiarities not readily comparable under trial conditions. *United States v. Butcher,* 557 F.2d 666, 669 (9th Cir. 1977); *United States v. Calhoun,* 544 F.2d 291 (6th Cir. 1976); *People v. Perry,* 60 Cal. App. 3d 608, 131 Cal. Rptr. 629 (1976); *but see State v. Demouchet,* 353 So. 2d 1025 (La. 1977).

As noted previously, the counselors also testified they had seen defendant with a shirt similar to the one worn by the robber pictured in the surveillance photographs. That testimony was properly admitted. A witness with knowledge of a defendant's appearance at or about the time the surveillance photographs were taken may state whether the

person in the photograph was wearing clothing similar to that worn or owned by the defendant. *See United States v. Murray, supra.* In such a case, the witness has special knowledge concerning the subject matter of the testimony beyond that possessed by the jury. Since such perception and knowledge are not directly available to the fact finder, opinion testimony based thereon does not impinge upon the jury's province.

■ Finally, we hold it was error for the counselor to have disclosed defendant's residency at Green Hill School. Clearly the testimony was elicited only for the purpose of determining why and how long the witnesses had known defendant. Further the counselors did not elaborate on the purpose of Green Hill or the reasons for defendant's stay. Nevertheless, since defendant did not take the stand, the counselors' testimony impermissibly disclosed defendant's prior criminal conduct when it was not in issue for any of the regularly accepted reasons. *State v. Mott,* 74 Wn.2d 804, 447 P.2d 85 (1968).

■ Notwithstanding, we hold there was no prejudicial error. The record is clear that defendant confessed to commission of the robbery and also admitted he was the person in the surveillance photographs. There was nothing to rebut the State's evidence. Consequently, while evidence of defendant's prior criminal conduct may have been admitted erroneously and the counselors' opinion of identity may have been admitted incorrectly, we conclude the error was not prejudicial. In *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968) we said:

> A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. *State v. Britton* [27 Wn.2d 336, 178 P.2d 341 (1947)]. When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. *But, where the defendant's guilt is conclusively*

*proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors.*

(Italics ours.) *See also State v. Mack,* 80 Wn.2d 19, 21–22, 490 P.2d 1303 (1971). Further, where the evidence supporting conviction is overwhelming no prejudice will be deemed to have occurred from the improper admission of prior crimes. *State v. Mack, supra; State v. Baker,* 4 Wn. App. 121, 480 P.2d 778 (1971).

Defendant's conviction is affirmed for the reasons set forth herein.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied September 18, 1980.