[Nos. 31626-5-I; 32344-0-I.   Division One.   November 14, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT HARDY, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JERRY JOHNSON, *Appellant*.

*Neal J. Philip* of *Washington Appellate Defender Association*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Rian K. Ebesugawa* and *James M. Whisman, Deputies*, for respondent.
[As amended by order of the Court of Appeals November 18, 1994.]

BAKER, A.C.J. — These consolidated cases involve appeals from convictions for delivery of cocaine. Hardy assigns error to the trial court's decision to allow a police officer to testify that the person pictured in a videotape of the drug buy had features similar to or consistent with Hardy. Johnson likewise assigns error to testimony by police officer Maser that identified him from the videotape recording of the drug buy, based upon his familiarity with the voice and visage of Johnson. In addition, both Appellants challenge the use of the videotape made during the respective drug buys.

We affirm, holding that the Rules of Evidence allow the identification testimony and relying upon *State v. D.J.W.*, 76 Wn. App. 135, 882 P.2d 1199 (1994) as to admission of the videotape evidence.

Both Appellants were arrested pursuant to Operation Hardfall, an undercover buy/bust operation involving the use of an automobile equipped with a hidden video camera.

Prior to trial, each Appellant objected to the admission of the videotape made during his contact with the undercover informant who drove the vehicle during Operation Hardfall. That issue is consolidated for appeal with other Operation Hardfall cases in *State v. D.J.W., supra.* For the reasons we stated in that case, we affirm the trial courts on this issue in both cases.

### STATE V. HARDY, No. 31626-5-I

At trial, the informant testified that he purchased cocaine from Hardy. He identified Hardy in the courtroom. The jury viewed the videotape during the trial, and subsequently found Hardy guilty of delivery of cocaine.

Hardy argues that Maser's testimony invaded the province of the jury and is forbidden opinion testimony by a lay witness.

■ The Washington Rules of Evidence permit lay opinion testimony when (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue. ER 701. *See* 5A Karl B. Tegland, Wash. Prac., *Evidence* § 287 (3d ed. 1989). There are no Washington cases which specifically discuss the effect of ER 701 on the admissibility of opinion by a lay witness as to the identity of one in a photograph or videotape.[1] However, ER 701 is identical to Federal Rule of Evidence 701, so federal cases are instructive.

■ A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. *United States v. Farnsworth*, 729 F.2d 1158, 1160 (8th Cir. 1984); *see also United States v. Saniti*, 604 F.2d 603, 604 (9th Cir.), *cert. denied*, 444 U.S. 969

---

[1]The Appellant cites *State v. Jamison*, 93 Wn.2d 794, 613 P.2d 776 (1980) for the rule that a lay witness may generally not give an opinion as to the identity of a person in a photograph. *Jamison* was tried in 1978, before the Washington Rules of Evidence were adopted in April of 1979. Even though the Supreme Court opinion in *Jamison* was not published until 1980, that court did not consider or rely on the Rules of Evidence. For that reason, we do not believe *Jamison* controls this issue.

(1979); *United States v. Brannon*, 616 F.2d 413 (9th Cir.), *cert. denied*, 447 U.S. 908 (1980); *United States v. Jackson*, 688 F.2d 1121 (7th Cir. 1982), *cert. denied*, 460 U.S. 1043 (1983); *United States v. Towns*, 913 F.2d 434 (7th Cir. 1990); *United States v. Lucas*, 898 F.2d 606 (8th Cir.), *cert. denied*, 498 U.S. 838 (1990); *United States v. Wright*, 904 F.2d 403 (8th Cir. 1990).

In *Jackson* the District Court permitted a lay witness who had met the defendant only once to identify the defendant as the person pictured in a surveillance photograph of a bank robbery. The court noted that despite the absence of independent evidence that the defendant had changed his appearance prior to trial, the testimony of the lay witness was helpful to a clear understanding of the determination of a fact in issue. *Jackson*, 688 F.2d at 1126.

Because Maser had known Hardy for several years, he was in a better position to identify Hardy in the somewhat grainy videotape than was the jury. We agree with the trial court that the identification testimony of Maser was helpful to the jury in determining whether Hardy was the person in the videotape. In addition, the "photograph" at issue here was in fact a moving picture, unlike the surveillance photographs in the federal cases cited above. Maser, who had seen Hardy in motion and was familiar with his mannerisms and body movements, was certainly in a better position to identify him than the jury, who had only seen Hardy motionless in court. *See People v. Starks*, 119 Ill. App. 3d 21, 456 N.E.2d 262 (1983), *cert. denied*, 469 U.S. 828 (1984). Finally, we do not agree that Maser's opinion of the identity of the man in the videotape invaded the province of the jury. The jury was free to disbelieve Maser; the ultimate issue of identification was left to the jury.

The jury viewed the videotape and was free to reach its own conclusion about the identity of the drug seller in the video.[2] In addition, the confidential witness identified Hardy

---

[2]Although the clarity of the videotape was not challenged on appeal, this court has independently reviewed the videotape and concluded that it is clear enough to permit the jury to compare the person in the videotape to the Defendant.

in court. These corroborations of Maser's identification are sufficient to ensure that the trial outcome would have been the same regardless of Maser's testimony.

The admission of relevant evidence is within the sound discretion of the trial court and will not be reversed absent a manifest abuse of discretion. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 482 P.2d 775 (1971). The judge's decision to admit Maser's testimony was not an abuse of discretion.

### STATE V. JOHNSON, No. 32344-0-I

In Johnson's trial, similar videotape identification testimony was admitted over objection. A police officer testified that he had known Johnson for 6 or 7 years and considered him a friend. Over defense objection, the State was allowed to ask the officer if he recognized the voice of the person pictured on the videotape in the drug transaction. In response, the officer testified that the person was Johnson.

For the reasons discussed in the *State v. Hardy* portion of this opinion, admission of this testimony was not error.

We affirm the convictions in both consolidated cases.

GROSSE and AGID, JJ., concur.

Review granted at 126 Wn.2d 1008 (1995).