[No. 66578-8. En Banc.]
Argued January 12, 1999. Decided June 10, 1999.

MELINDA ASHLEY, *Individually and as Guardian, Respondent*, v. RUSSELL C. HALL, ET AL., *Petitioners*.

*Reed McClure,* by *William R. Hickman* and *Marilee C. Erickson,* for petitioners.

*Herrmann & Associates,* by *Charles J. Herrmann* and *Spencer D. Freeman,* for respondent.

MADSEN, J. — At issue is whether the trial court erred in admitting a lay witness' opinion that an auto accident involving a child pedestrian was unavoidable, and whether the admission, if error, was harmless where no objection was made to substantially similar testimony from the same witness earlier in the proceeding. The trial court overruled counsel's objection to the second statement and a verdict was rendered in favor of the driver. The Court of Appeals reversed. We conclude that although admission of such lay opinion testimony was an abuse of discretion in this case, because counsel failed to object to or move to strike the witness' first statement, admission of the testimony was harmless error.

## FACTS

Melinda Ashley, individually, and as guardian ad litem of Annelies Stranahan, filed a lawsuit against Russell C. Hall for injuries Annelies sustained when she was hit by the vehicle he was driving.

On the afternoon of November 19, 1992, 12-year-old Annelies was on her way home from school when she was struck by Hall's vehicle. The accident occurred along Old Military Road where a school speed zone of 20 miles per hour was in effect. Prior to the accident, Annelies was talking with a friend along the side of the road. When the conversation ended, Annelies quickly turned and began to run across the road. Hall was driving northbound. Annelies

had reached approximately the middle of the road when Hall's vehicle struck her. She sustained injuries to her head, knee and hip.

Patrick Henry, the only eyewitness to the accident, was driving southbound on Old Military Road. At trial, Henry described his observations of the circumstances surrounding the accident, indicating that "I was paying more attention to [the children] than I was to the road . . . ." Verbatim Report of Proceedings (RP) at 68. Henry indicated the location of the accident, including the number of other children present, Annelies' position before the accident and her actions immediately prior to the impact.

In addition, Henry twice testified that the accident was "unavoidable." RP at 89, 95. First, Henry stated that "the accident was pretty much unavoidable once it got started there." RP at 89. Plaintiff's counsel did not object. However, Plaintiff's counsel did object when Henry was asked whether he thought "Mr. Hall, no matter what, was going to hit that girl . . . ." RP at 95. The trial court overruled counsel's objection on grounds that Henry was permitted to give his impressions at the time of the accident. Consequently, Henry again stated his belief that "the accident was unavoidable." *Id.*

Two officers who investigated the accident scene also testified. Ashley's counsel objected to the first officer's testimony that "there was no way [Mr. Hall] could have avoided her . . . ." The trial court overruled the objection and permitted the testimony based on the officer's experience as an accident investigator. RP at 92. Counsel made no objection to the second officer's testimony that Hall did not have enough time to react.

Accident reconstruction experts for Plaintiff and Defendant also offered their opinions as to whether the accident was unavoidable, but arrived at different conclusions. In determining whether Hall could have avoided the accident, both experts considered a variety of technical factors, including the girl's rate of travel, the vehicle's possible rates of speed, the initial distance between the girl and ve-

hicle, and the reaction time of a driver from the point of observing the young girl crossing. Hall's accident reconstructionist testified that based on the approximate rate and distance Annelies traveled as she crossed the road, and the range of a driver's reaction time before the actual point of impact, Hall had insufficient time to react. Plaintiff's expert testified that a driver in Hall's situation would have been able to avoid the impact had he observed the notices cautioning drivers to be aware of school children crossing the road and traveled at the posted speed limit.

The trial court directed a verdict of contributory negligence against Annelies, and the jury returned a verdict in favor of Hall. The Court of Appeals reversed and remanded for a new trial, holding Henry's lay opinion that the accident was unavoidable was not only inadmissible, but because Henry was the only disinterested eyewitness to the accident, allowing his opinion was prejudicial to the outcome of the trial. *Ashley v. Hall*, No. 19584-4, 1997 WL 679911 (Wash. Ct. App. Oct. 31, 1997).

## ANALYSIS

The first issue is whether the trial court abused its discretion in allowing Patrick Henry, a lay witness, to testify that the accident was "unavoidable" and that Hall's speed was not a factor. RP at 93. Whether admission of Henry's lay opinion was proper rests on the considerations of ER 701.

 ER 701 provides that if a witness is not an expert:

[T]he witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

ER 701 is a rule of discretion and is intended to emphasize what a witness knows rather than how the witness expresses his or her knowledge. Comment 701, WASHINGTON

COURT RULES at 131 (1999). The rule assumes a witness will testify to observations but permits the witness to resort to inferences and opinions when such testimony will be helpful to the jury. Washington case law predating the rule has held lay opinion testimony admissible in a variety of cases, including opinions regarding the speed of a car, whether a person was healthy, the value of property, and identification of a person. *See, e.g., Clevenger v. Fonseca*, 55 Wn.2d 25, 345 P.2d 1098 (1959) (lay opinion regarding vehicle's approximate speed admissible), *overruled in part on other grounds by Danley v. Cooper*, 62 Wn.2d 179, 381 P.2d 747 (1963); *Port of Seattle v. Equitable Capital Group, Inc.*, 127 Wn.2d 202, 898 P.2d 275 (1995) (lay opinion regarding property's value admissible); *State v. Hardy*, 76 Wn. App. 188, 884 P.2d 8 (1994) (lay opinion regarding identity of person in surveillance video was admissible). Application of ER 701 will generally yield the same result as in those cases. Comment 701, WASHINGTON COURT RULES at 131.

█ In the usual circumstances, a lay witness should only relate observations to the jury and let jurors form their own opinions and conclusions. This is because a lay witness is in no better position to arrive at an opinion or conclusion from the facts known to a witness. *See* 5A KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE, ch. 7, § 282, at 348-49 (3d ed. 1989). To this end, admission of lay opinion testimony should be excluded where the sort of opinion expressed calls for that of an expert. *Id.* at 353-54.

In this case, Ashley argues that Henry's lay opinion testimony was inadmissible because his observations of the accident were insufficient to support an opinion that the accident was unavoidable. The Court of Appeals agreed, reasoning that because Henry possessed neither the expertise in accident reconstruction nor the personal knowledge of the technical aspects of the accident, Henry was unable to form a reliable opinion as to the avoidability of the accident. *Ashley*, No. 19584-4, 1997 WL 679911, at *3 (citing *State v. Ortiz*, 119 Wn.2d 294, 308, 831 P.2d 1060

(1992)). Specifically, the Court of Appeals noted that Henry was unable to: (1) give an estimate of Hall's speed; (2) determine the actual distance between Hall's vehicle and Annelies when she was crossing the road; (3) recall whether Hall braked before or after the impact; (4) recall whether any cars were traveling in front of Hall; (5) recall whether Hall could see Annelies was walking along the shoulder of the road; (6) determine how many feet per second a vehicle traveled at 50, 35, or 20 miles per hour; and (7) determine reaction times of a driver in Hall's situation. *Ashley*, WL 679911, at *3. Many of the factors cited by the Court of Appeals were among the various key factors considered by the accident reconstruction experts who, even after examining the evidence relating to the accident, arrived at different conclusions.

Hall contends that Henry's lay opinion testimony was admissible because, as an eyewitness to the accident, Henry's opinion that the accident was unavoidable was directly and rationally based on his perceptions at the time. Any question about the details of the accident, Hall contends, goes to the weight to be given to such testimony, not its admissibility.

██ ██ Hall further argues that the Court of Appeals decision is contrary to both this court's ruling in *Sears v. Seattle Consolidated Street Railway Co.*, 6 Wash. 227, 33 P. 389, 33 P. 1081 (1893), where a witness was permitted to give his opinion as to the speed of a train, and a Court of Appeals' decision, *Henderson v. Tyrrell*, 80 Wn. App. 592, 910 P.2d 522 (1996), where a witness' testimony about the identity of a driver was admitted even though the witness could not recall certain details. Unlike the witness in *Sears*, however, the witness here did not have sufficient personal knowledge of relevant factors to conclude that the accident was unavoidable. In *Sears*, the court's decision to admit a lay witness' testimony that a railway car was traveling too fast to stop was proper because the court found that the witness had sufficient knowledge of the speed and distance of the railway car. Hence, as the court in *Sears* explained,

admissibility of such testimony depends upon the thoroughness of a lay witness' observation, and whether the lay witness had sufficient opportunity to observe and consider the particular fact or matter at issue. *Sears*, 6 Wash. at 231. Clearly, Henry did not have sufficient opportunity to observe whether the accident was unavoidable, given that he "was paying more attention to [the children] than [he] was to the road" and was focused on the actions of Annelies immediately prior to impact. RP at 68.[1]

Similarly, Hall's reliance on *Henderson* is misplaced. In that case, the challenge was based on the witness' inability to swear to each and every event from the night in question. Hall maintains that like *Henderson*, Henry's statements that the accident was unavoidable were admissible lay opinion testimony despite his inability to testify to certain factors such as speed and distance. Henry's description of the accident is not at issue, however, for there is no question that under ER 602,[2] he was competent to testify to what he actually observed. The problem is that Henry not only described what he saw as he drove up to the location of the accident, but he also gave a conclusion unsupported by his limited observations. Based on the paucity of Henry's observations and the fact that an opinion of this nature requires either actual knowledge of certain relevant factors, such as speed and distance, or expertise in accident reconstruction, the trial court's admission of Henry's testimony was an abuse of discretion under ER 701.

■ The next question is whether admission of Henry's

---

[1] The conflicting testimony by accident reconstruction experts for both Plaintiff and Defendant demonstrates the complexity of evaluating whether the accident was unavoidable. Among the various technical factors considered, both experts hypothesized the different scenarios in which the accident could have occurred, calculating the range of the car's rate of speed, the average rate of travel for a 12-year-old girl Annelies' size, and the distance between the car and girl prior to impact. Although Henry was the only eyewitness to the accident, his observations were limited to the general location of Hall's car and Annelies' actions leading up to the point of impact.

[2] ER 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

opinion testimony was harmless error where the jury heard prior substantially similar testimony without objection. Ashley makes two arguments: Henry's two statements that the accident was unavoidable were not the same and since Henry was the only eyewitness to the accident, his opinion profoundly impacted the outcome of the trial. Hall counters that, if error, admission of Henry's testimony was harmless because counsel did not object to Henry's first statement that the accident was unavoidable. We agree.

As Judge Seinfeld noted in her dissent in this case, Washington case law holds that admission of testimony that is otherwise excludable is not prejudicial error where similar testimony was admitted earlier without objection. *Hart v. Cascade Timber Co.*, 39 Wash. 279, 81 P. 738 (1905); *see also Salo v. Nelson*, 22 Wn.2d 525, 156 P.2d 664 (1945) (admission of defendant's testimony not prejudicial where similar evidence presented without objection); *Edwards v. Washkuhn*, 11 Wn.2d 425, 119 P.2d 905 (1941). This basic principle of evidence is discussed in 5C Karl B. Tegland, Washington Practice: Courtroom Handbook on Evidence (1998), and cases have reiterated the rule in other circumstances as well. *See, e.g., Miller v. Arctic Alaska Fisheries Corp.*, 133 Wn.2d 250, 944 P.2d 1005 (1997) (documentary evidence admissible absent an objection); *State v. Link*, 58 Wn.2d 642, 364 P.2d 433 (1961) (no error where defendant failed to make timely objection or a motion to strike and acquiesced to line of questioning of defendant).

In this case, Henry twice testified that he believed the accident was "unavoidable."

Q: Now, where you saw Mr. Hall and where you saw the girl when she first started running into the road, did you see any way that Mr. Hall could have avoided hitting her?

A: No, it didn't appear to me at the time. I can remember fairly clearly remembering that the accident was pretty much unavoidable once it got started there.

RP at 89. Plaintiff's counsel did not object until further questioning which elicited the same conclusion from Henry:

Q: And that distance, whatever it may be, I think you said it took him a car length to stop, the distance, although you may not know exactly in feet or inches, the impression you got from that distance was that Mr. Hall, no matter what, was going to hit that girl; correct?

A: My impression at the time was that—that the accident was unavoidable. I felt that she was going to be hit the minute she started to move.

RP at 94-95.

Ashley attempts to distinguish Henry's testimony by arguing that his first use of the word "unavoidable" was descriptive, while Henry's second statement of "unavoidable" was an opinion. Ashley reasons that Henry's first statement was based on a factual observation, but that his second statement was a conclusion requiring the qualifications of an expert. The distinction, however, is not persuasive because the thrust of both questions was to elicit Henry's opinion as to whether he believed the accident was unavoidable. Although Henry did not provide identical answers in each instance, the line of questioning was consistent and his testimony was substantially similar.

*Hart*, 39 Wash. 279, is instructive on this point. In *Hart*, a witness testified that he had complained about the faulty repair of logging equipment, and that plaintiff's injury could have been avoided had it been properly replaced. *Id.* at 283-84. On appeal, defendant argued that admission of the witness' testimony was error. The court rejected that argument since counsel failed to object to the witness' earlier testimony that he told the master mechanic that the pole would not work as well as the roller, and that someone would be injured as a result. *Id.* at 284. As in that case, Henry's two answers, though not identical, were substantially similar because both statements described a basic belief that the accident was "unavoidable." Thus, repetition of the testimony was harmless error since counsel neither objected to nor moved to strike Henry's first statement.

Ashley also argues that because Henry was the only eye-

witness to the accident, the jury would accord greater weight to Henry's testimony and the testimony was therefore prejudicial to the outcome of the trial. Whatever weight the jury accorded the testimony is not a relevant factor, however, where Henry had given substantially similar testimony earlier in the trial without objection. Thus, Henry's later testimony to which objection was made was cumulative of his own earlier unobjected to testimony. *See Brown v. Spokane County Fire Protection Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983) (error without prejudice is not grounds for reversal).

Finally, having determined that admission of Henry's lay opinion testimony was harmless error, we need not address Hall's argument urging this court to adopt a theory of "split-second negligence" as an alternative basis for affirming the trial court's decision. The Court of Appeals is reversed.

GUY, C.J., and DURHAM, SMITH, JOHNSON, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.