2015 MAR 16 AM 9: 29


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

ISATOU CEESAY,

Appellant.

No. 70905-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 16, 2015

LEACH, J. — Isatou Ceesay appeals her convictions for criminal impersonation and forgery. Ceesay challenges the trial court's admission of a police investigator's identification opinion testimony, which he based only on photos of Ceesay and his observation of her in court. Because any alleged error was harmless, we affirm.

## Background

Isatou Ceesay was a registered nursing assistant, but the State revoked her credential beginning April 30, 2010. From May 2010 until September 2011, Ceesay worked at Alpha Supported Living Services. During this time, coworkers at Alpha knew her as Sainabou Hydara. Hydara was also a nursing assistant. She submitted an application to the State Department of Health to reinstate her expired credential on August 17, 2010.

The job application and form authorizing direct deposit that Ceesay submitted to Alpha listed her name as Sainabou Hydara. But the name of the account holder on the voided check that Ceesay attached to the authorization form was Isatou Ceesay, and the address was Ceesay's. And a telephone number on the application was registered to Joseph King, Ceesay's husband.

After discovering a discrepancy between Ceesay and the documents identifying her as Hydara, an Alpha manager contacted Bellevue police. Detective Raymond Lofink obtained driver's licenses issued to Ceesay and Hydara. When Lofink called the telephone number listed on the employee's Alpha application, the person who answered identified herself as "Isatou."

When Alpha staff compared the signature and photo on the driver's license issued to Sainabou Hydara with the employee photo and signature of the person they knew as Hydara, the photos and signatures did not match. A human resources representative at Alpha also called the telephone number from the application file and asked Ceesay to meet to discuss her driver's license. But Ceesay did not attend the meeting and never returned to Alpha. A State investigator and Lofink both attempted to locate Hydara but were unsuccessful.

The State charged Ceesay with criminal impersonation in the first degree, forgery, and identity theft in the first degree. At trial, the court admitted, without objection, driver's license photos of Ceesay and Hydara. During direct examination, the State asked Lofink if either of the photos resembled anyone in the courtroom. Lofink replied, "Yes, they do," and explained, "It's my opinion that

the person depicted in exhibit 9, or the driver's license for Isatou Ceesay, is the young lady sitting at the table in front of me." After hearing this answer, defense counsel objected, "I'm going to object as improper opinion." The court overruled the objection.

Three Alpha employees who had worked with Ceesay testified that they knew her as Sainabou Hydara. Another witness testified that she had worked with Ceesay at a different social services agency and knew her only as Isatou Ceesay.

A jury found Ceesay guilty of impersonation and forgery and not guilty of identity theft. Ceesay appeals.

Analysis

This court reviews a trial court's ruling admitting evidence for abuse of discretion.[1] A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.[2]

The Washington Rules of Evidence allow lay opinion testimony when it is rationally based on perception and helpful to a clear understanding of the evidence.[3] A witness may not express an opinion concerning the defendant's guilt, either by direct statement or inference.[4] But the fact that opinion testimony supports a finding of guilt does not make the testimony improper.[5]

---

[1] State v. Magers, 164 Wn.2d 174, 181, 189 P.3d 126 (2008).
[2] Magers, 164 Wn.2d at 181.
[3] State v. Collins, 152 Wn. App. 429, 436, 216 P.3d 463 (2009); State v. Hardy, 76 Wn. App. 188, 190, 884 P.2d 8 (1994); ER 701.
[4] Collins, 152 Wn. App. at 436.
[5] Collins, 152 Wn. App. at 436; ER 704.

A lay witness may give opinion testimony about the identity of an individual in a photo provided that "'there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.'"[6] "[I]dentity testimony is helpful 'at least when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess, and when the photographs are not either so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification.'"[7]

At trial, Lofink explained his investigation process, detailing the steps he took "to firm up the identity of the people involved in the case." He stated that he performed records checks by requesting driver's license photos from the State Department of Licensing (DOL) and employment documents, including an employee photo, from Alpha. He made reference to "several other databases where I can get photographs," which he then compared to the DOL photos and the documents he received from Alpha.

Unlike other Washington cases involving identification opinion testimony,[8] Lofink did not base his opinion on any previous observations of Ceesay. Therefore, Ceesay contends, the trial court erred by admitting Lofink's testimony.

---

[6] State v. George, 150 Wn. App. 110, 118, 206 P.3d 697 (2009) (quoting Hardy, 76 Wn. App. at 190).

[7] Collins, 152 Wn. App. at 437-38 (quoting United States v. Jackman, 48 F.3d 1, 4-5 (1st Cir. 1995)).

[8] See, e.g., Hardy, 76 Wn. App. at 190-92 (officer was acquainted with defendant for several years); George, 150 Wn. App. at 119-20 (officer briefly observed defendants on day of crime); Collins, 152 Wn. App. at 433, 438 (family, friends, and acquaintances were familiar with defendant).

She argues that because Lofink had never met Ceesay, "he had no better basis for making that identification than did the jury. . . . His opinion testimony was unhelpful to the jury and usurped its function as the fact finder."

Even if we assume that the trial court erred, any error was harmless. Evidentiary error provides grounds for reversal only where it resulted in prejudice.[9] An error is prejudicial if it materially affects the outcome of a trial.[10] Evidentiary error is harmless "if the evidence is of minor significance in reference to the evidence as a whole."[11]

Here, three witnesses testified that during the months they knew and worked with Ceesay at Alpha, she identified herself as Sainabou Hydara. A former coworker from a different facility confirmed that she knew Ceesay only as Isatou Ceesay. The jury considered employment documents in Hydara's name that included the telephone number of Ceesay's husband and a voided check from Ceesay's bank account. Defense counsel had the opportunity to cross-examine Lofink about his limited familiarity with Ceesay. As in Hardy, "[t]he jury was free to disbelieve [the officer]; the ultimate issue of identification was left to the jury."[12] Considering the evidence as a whole, Lofink's identification opinion

---

[9] State v. Neal, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001).

[10] Neal, 144 Wn.2d at 611 (quoting State v. Smith, 106 Wn.2d 772, 780, 725 P.2d 951 (1986)).

[11] Neal, 144 Wn.2d at 611 (citing Thieu Lenh Nghiem v. State, 73 Wn. App. 405, 413, 869 P.2d 1086 (1994)).

[12] Hardy, 76 Wn. App. at 191.

testimony was of minor significance, and it did not materially affect the outcome of Ceesay's trial.[13]

### Conclusion

Because the trial court's admission of Lofink's identification opinion testimony did not affect the outcome of the trial, any error in admitting it was harmless. We affirm.

_Leach, J._

WE CONCUR:

_Spelman, C.J._                _Schindler, J._

---

[13] See George, 150 Wn. App. at 119-20 (evidentiary error harmless where robbery victim also identified defendant, victim's description of defendant was consistent with booking information, and other evidence linked defendant to robbery).