# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 75329-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| JILL A. ROBINSON, | UNPUBLISHED OPINION |
| Appellant. | FILED: October 9, 2017 |

LEACH, J. — Jill Robinson appeals her conviction for eight counts of second degree identity theft. She claims violation of her right to an impartial jury and ineffective assistance of counsel. Because she did not preserve her jury claim or show a manifest constitutional error, we do not consider this claim.

Robinson also maintains that defense counsel's failure to object to Sergeant Park's testimony identifying her in the surveillance images constitutes ineffective assistance of counsel. A successful ineffective assistance of counsel claim requires that the defendant show deficient performance and actual prejudice. Because Park's testimony was admissible lay witness opinion testimony, defense counsel's performance was not deficient. We affirm.

## BACKGROUND

In March 2014, someone burglarized Joelle Kantor's storage unit in Redmond, Washington. About one month later, Kantor reported to Redmond

Detective Katelyn McGinnis that someone had used checks stolen from her unit. This person presented these checks at Johnson's Home and Garden and the Fred Meyer across the street in Maple Valley. They had been altered so that "Jenna A. Segadelli" appeared as an account holder.

Segadelli told McGinnis that she had not given anyone permission to use her identity and she did not know Kantor but that her driver's license, social security card, and other items had recently been stolen in a car prowl. McGinnis obtained surveillance video from Fred Meyer and surveillance photographs from Johnson's Home and Garden. The images from both stores appear to show the same blond-haired woman conducting the transactions. A tattoo on the woman's right arm is visible in some of the images.

McGinnis extracted some still-frame images from the video and placed them in a bulletin to help identify the suspect. King County Sheriff's Sergeant Kelly Park saw the bulletin. She recognized the woman as Robinson and e-mailed McGinnis. At trial, the court admitted as evidence the surveillance video recording, the still images, and Robinson's Department of Licensing (DOL) identification photograph. Park testified that she based her identification of Robinson in the bulletin image, on meeting Robinson once nine years earlier, and having seen numerous photographs of her since then. Park identified the person depicted in three of the surveillance photographs and Robinson's DOL photograph as Robinson. McGinnis testified that she knew Robinson had a tattoo on her right arm. No other witnesses testified about Robinson's identity.

A jury convicted Robinson of eight counts of second degree identity theft based on the four checks Robinson cashed using Kantor's checks and Segadelli's identification. Robinson appeals.

## DISCUSSION

### Right to an Impartial Jury

Robinson claims that Sergeant Park's testimony infringed upon her right to an impartial jury under article 1, section 22 of the Washington Constitution.[1] Robinson acknowledges that she did not raise this challenge below but contends that allowing Park to identify her in the surveillance images was a manifest constitutional error. Normally, a party may appeal an evidence decision only on the specific ground of the objection made at trial.[2] Because Robinson did not object to Park's testimony at trial, she did not preserve any issues about this testimony for appellate review. But a party may raise for the first time on appeal a manifest error affecting a constitutional right.[3]

An error is manifest if it caused actual prejudice. This means the defendant must make a plausible showing that the asserted error had practical and identifiable consequences in the trial.[4] To determine if an error is of constitutional magnitude, we assume the alleged error is true and then assess if that error

---

[1] Article 1, section 22 of the Washington Constitution states, "[T]he accused shall have the right to . . . a speedy public trial by an impartial jury."

[2] State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).

[3] RAP 2.5(a)(3); see also State v. Walsh, 143 Wn.2d 1, 7, 17 P.3d 591 (2001).

[4] State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007).

actually violated the defendant's constitutional rights.[5] We first address whether the alleged error implicates a constitutional right.

Robinson contends that Park's identification testimony infringed on her right to an impartial jury because it provided an improper opinion about Robinson's guilt. Opinion testimony about a criminal defendant's guilt violates the defendant's right to a trial by an impartial jury.[6] Robinson maintains that as a police sergeant, Park had a "special aura of reliability."[7] She asserts that Park's testimony about Park's extensive training and experience as a law enforcement officer and the certainty with which she identified Robinson as the person in the surveillance images presented Robinson's identity as an established fact and not just a personal opinion. Robinson contends that these circumstances amounted to Park testifying about Robinson's guilt in violation of her constitutional right to an impartial jury. We reject Robinson's claim.

First, Park's status as a sergeant has no bearing on the propriety of Park's testimony. An officer may testify about the defendant's identity without constitutional consequence.[8] Second, although opinion testimony about guilt

---

[5] State v. Kalebaugh, 179 Wn. App. 414, 420-21, 318 P.3d 288 (2014), aff'd, 183 Wn.2d 578, 355 P.3d 253 (2015).

[6] State v. Barr, 123 Wn. App. 373, 380, 98 P.3d 518 (2004).

[7] Kirkman, 159 Wn.2d at 928 ("Testimony from a law enforcement officer regarding the veracity of another witness may be especially prejudicial because an officer's testimony often carries a special aura of reliability.").

[8].See State v. Hardy, 76 Wn. App. 188, 190, 884 P.2d 8 (1994), aff'd sub nom. State v. Clark, 129 Wn.2d 211, 916 P.2d 384 (1996); see also State v. George,150 Wn. App. 110, 112-13, 117, 119, 206 P.3d 697 (2009). In Hardy and George, the court held that an officer may testify as to the defendant's identity if

violates the defendant's right to trial by an impartial jury,[9] an opinion that supports a finding of guilt does not make the opinion improper.[10]

Here, Park testified only that the woman in the surveillance images was Robinson. Park based this identification on her previous encounter with Robinson and later repeated exposure to photographs of Robinson. Park did not comment about whether Robinson committed the thefts. Thus, Park's testimony addressed the issue of identity, which supported a finding of guilt but did not express any opinion on Robinson's guilt. Because the challenged testimony did not violate Robinson's right to an impartial jury, we need not address if it was a manifest error.

### Ineffective Assistance of Counsel

Robinson next claims that she received ineffective assistance of counsel because her trial counsel did not object to Park's identification testimony. Claims of ineffective assistance present mixed questions of law and fact, which this court reviews de novo.[11]

The defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense.[12] If the defendant carries this burden, we will reverse.[13]

---

the officer's past contacts with the defendant are sufficient to make the officer's testimony helpful to the jury in accordance with ER 701.

[9] State v. Demery, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001).

[10] State v. Collins, 152 Wn. App. 429, 436, 216 P.3d 463 (2009).

[11] Strickland v. Washington, 466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[12] Strickland, 466 U.S. at 687.

[13] State v. McFarland, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995).

To prove the deficient performance element, the defendant must show that counsel's performance fell below an objective standard of reasonableness.[14] Appellate courts examine trial counsel's performance with great deference, and the defendant must overcome the presumption that the challenged action "'might be considered sound trial strategy.'"[15] Generally, the decision of when or whether to object is trial strategy.[16] Counsel's performance is not deficient for failing to object to admissible testimony.[17] Robinson contends that defense counsel's failure to object to Park's testimony constitutes deficient performance.

A lay witness may give opinion testimony if it is rationally based on the perception of the witness and helpful to a clear understanding of the testimony or the determination of a fact in issue.[18] A lay witness may give an opinion about the identity of a person depicted in a photograph or video if the record provides some basis for concluding that the witness is more likely to correctly identify the defendant from the medium than is the jury.[19] A lay witness is generally better equipped to identify the defendant in a recording or a photograph than is the jury in two circumstances: (1) when the witness has had substantial and sustained contact with the person in the photo, which is relevant here, or (2) when the

---

[14] Strickland, 466 U.S. at 687-88.

[15] Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

[16] State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

[17] State v. Alvarado, 89 Wn. App. 543, 553, 949 P.2d 831 (1998).

[18] ER 701.

[19] Hardy, 76 Wn. App. at 190.

defendant's appearance in the photo is different from her appearance before the jury.[20]

Two cases illustrate this first rule. In State v. Hardy,[21] we held that the trial court properly admitted an officer's opinion testimony about the defendants' identities because the officer had sufficient contacts with the defendants. In Hardy, a police officer testified about the identity of two defendants who appeared in a "somewhat grainy videotape" that was introduced at trial.[22] The officer testified that he had known one defendant for "several years" and the other "for 6 or 7 years and considered him a friend."[23] This court affirmed the trial court's ruling to admit the officer's opinion testimony because the officer was in a better position than the jury to determine whether it was the defendants in the videotape due to the officer's longstanding relationship with them.[24]

In State v. George,[25] Division Two followed Hardy but held that the trial court abused its discretion in allowing a detective to identify the two defendants as the individuals depicted in a surveillance video of a motel robbery because the detective did not have sufficient contacts. The detective had observed one defendant as he left a van and ran away and then at a hospital later that evening.[26] The detective had observed the other defendant while he was getting out of a van

---

[20] United States v. LaPierre, 998 F.2d 1460, 1465 (9th Cir. 1993).
[21] 76 Wn. App. 188, 191, 884 P.2d 8 (1994).
[22] Hardy, 76 Wn. App. at 191.
[23] Hardy, 76 Wn. App. at 191-92.
[24] Hardy, 76 Wn. App. at 191.
[25] 150 Wn. App. 110, 119, 206 P.3d 697 (2009).
[26] George, 150 Wn. App. at 119.

and being handcuffed and then later while he was at the police station in an interview room.[27] He could not make out facial features in the surveillance video and identified the defendants in the video by their build in addition to other factors.[28] On appeal, the court held that the detective's contacts fell "far short of the extensive contacts in Hardy."[29]

We view this case as more like Hardy. Park interacted with Robinson in-person nine years earlier, and Park had seen numerous photographs of Robinson over the years. Park testified that she looked at Robinson's photograph "enough that I could look at the picture and know who I was looking at without needing a name associated, so [I was] very familiar with her picture." Moreover, Robinson's facial features can be seen in most of the surveillance images. Although Park's contacts with Robinson are not as extensive as the officer's contacts with the defendants in Hardy, Park was more likely to identify Robinson as the person in the surveillance images than the jury due to Park's previous contacts with Robinson. Park's testimony is therefore admissible lay witness opinion testimony. Thus, Robinson's defense counsel's failure to object did not fall below an objective standard of reasonableness. Because Robinson did not show deficient performance, we need not address whether counsel's performance prejudiced Robinson's defense.

---

[27] George, 150 Wn. App. at 119.
[28] George, 150 Wn. App. at 119 & n.5.
[29] George, 150 Wn. App. at 119.

Appellate Costs

Finally, Robinson asks the court to deny the State appellate costs based on her indigency. We generally award appellate costs to the substantially prevailing party on review.[30] But when a trial court makes a finding of indigency, that finding continues throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[31] Here, the trial court found Robinson was indigent. If the State has evidence indicating significant improvement in Robinson's financial circumstances since the trial court's finding, it may file a motion for costs with the commissioner.

CONCLUSION

We do not consider Robinson's challenge to Park's identification testimony because Robinson did not object to it at trial and fails to show that its admission was a manifest constitutional error. Park did not testify about Robinson's guilt. She gave identity testimony that supported the jury's finding of guilt. Robinson also fails to show that her counsel was not effective. Defense counsel's failure to

_____

[30] RAP 14.2.
[31] RAP 14.2; see also State v. St. Clare, 198 Wn. App. 371, 382, 393 P.3d 836 (2017), review denied, No. 94431-8 (Wash. Sept. 6, 2017).

object to Park's identity testimony did not constitute deficient performance because

Park's testimony was admissible lay witness opinion testimony.  We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._              _Cox, J._

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2011 OCT -9 AM 9: 46